# CHARLESTON

## SMITH v. FAHEY.

Submited June 15, 1907,   Decided January 21, 1908.

1. ASSAULT—*Action for Damages—Self-Defense.*

   In an action for damages for injuries resulting from a beating, the doctrine of self-defense cannot be successfully invoked where defendant was the aggressor, where he used more force than was reasonably necessary for his protection, or where, after the assault had terminated and all danger past, he struck or beat the aggressor by way of revenge.  (p. 347.)

2. SAME—*Punitive Damages.*

   If the conduct of one in beating another is wanton, wilful or malicious, punitive damages may be awarded against him, in addition to compensation for the actual injuries inflicted.  (p. 348.)

Error to Circuit Court, Ohio County.

Action by Harry Smith against Michael J. Fahey.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

RILEY & RITZ, for plaintiff in error.

WHITE & ALLEN, for defendant in error,

ROBINSON, JUDGE:

In this action of trespass on this case, plaintiff, for an assault and battery upon him by defendant, obtained a verdict for $1,500, and, motion to set aside same and grant a new trial being overruled, judgment was accordingly entered; whereupon, defendant prosecuted this writ of error.

The overruling of defendant's demurrer to the declaration is assigned as error; but we observe that the declaration is sufficient in law, and that this assignment is not relied upon in argument.

Another exception pertains to the action of the court in refusing to admit testimony that defendant had paid the contractor, by whom plaintiff was employed, for work done by plaintiff on defendant's house, and about the payment for which plaintiff had called to see defendant when he

was beaten; but as such fact, viewing the whole case as presented to the jury, had no direct bearing on the real issue involved, it was properly rejected. The admission of such fact into the case could not have affected the result.

It is insisted that an instruction to the jury that if they believe from the evidence that defendant struck or kicked plaintiff; and that such acts of striking and kicking were not necessary for the protection of defendant, and that plaintiff was in any manner injured thereby, their verdict should be for the plaintiff, was error, because it does not apply fully the principles of the law of self-defense. But, as a careful consideration of the whole of the testimony, particularly that of the defendant himself, justifies the exclusion of any theory of self-defense from the case, we are of opinion that such instruction was proper and consistent with the correct legal view of the facts as presented to the jury. This instruction virtually tells the jury what the law actually is, that when one "exceeds the limits of necessary protection, and employs excessive force, he becomes the trespasser himself, and his assailant may recover damages from him for repelling the assault with a violence not called for." 1 Cooley on Torts (3rd ed.) page 287. The evidence establishes no assailing of defendant by plaintiff, prior to the beating complained of, other than the placing of his hand on defendant's shoulder, if, indeed, it does this; and most surely is there no basis for the application of the rule that where one acts upon appearances of actual and immediate danger, and sincerely believes that he is in danger of suffering great bodily harm, he cannot be held liable in damages for injuries resulting from acts done by him in the proper and reasonable defense of his person. There is no evidence, in an appreciable degree, to support such theory. The case, at the most, calls only for the application of the rule that the doctrine of self-defense cannot be successfully invoked where defendant was the aggressor, where he used more force than was reasonably necessary for his protection, or· where, after the assault had terminated and all danger past, he struck or beat the aggressor by way of revenge. 3 Cyc. 1074.

The four instructions requested by defendant were properly

refused, since they were violative of the view and principles above stated. It is significant to note that while it is now insisted that it was error not to embody in the instruction given at request of plaintiff the doctrine of self-defense as related to reasonable apprehension of bodily harm from appearances, yet this theory was not presented by any of the instructions requested by defendant, and was not, therefore, insisted upon at the trial.

The case appearing a proper one for punitive damages, there being, indeed, no provocation for the injury committed by defendant, and the evidence forcibly leading us to believe, as the jury could and must have believed, that the beating by the young and vigorous defendant of the old and infirm plaintiff was wholly unjustifiable, wanton, and malicious, we see no good reason for countenancing the assignment that the damages found were excessive.

There is no error, and the judgment of the circuit court is affirmed.

*Affirmed.*