# CHARLESTON.

TEEL v. COAL & COKE RAILWAY CO.

Submitted March 30, 1909.    Decided November 23, 1909.

1.  CARRIERS—*Injuries to Passengers—Assault by Servant.*
    For wilful injury, inflicted upon a passenger of a common carrier by a servant of the latter, under provocation, by the exercise of force or violence, not justified under the principles of the law of self-defense, the carrier is liable.   (p. 316).

2.  SAME—*Injuries to Passengers—Questions for Jury.*
    Whether the circumstances warrant the force and violence used in such case, on the ground of real or apparent danger of death or great bodily harm, is a question for the ultimate determination of the jury, viewing the situation from the standpoint of the servant at the time, though he must decide it in the first instance at the peril of himself and his master.  (p. 317).

3.  SAME—*Injuries to Passengers—Instructions.*
    In an action for damages for an injury, so inflicted, an instruction, requested by the carrier, telling the jury they should find for the defendant, if they believed he exerted no more force than he deemed necessary, under the circumstances, is properly refused.   (p. 318).

4.  ASSAULT AND BATTERY—*Defenses—Self Defense.*
    The law of self-defense does not vary in the application thereof to felony, misdemeanor and civil cases.  (p. 319).

5.  APPEAL AND ERROR—*Harmless Error—Abstract Instructions.*
    It is not reversible error to give an instruction, correctly

66 W. Va.

stating law applicable to the evidence adduced, though it is ab-
stract in form and contains no express reference to the evi-
dence. (p. 320).

Error to Circuit Court, Kanawha County.

Action by George Teel against the Coal.& Coke Railway Com-
pany. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Price, Smith, Spilman & Clay,* for plaintiff in error.

*W. W. Wertz* and *C. J. Van Fleet,* for defendant in error.

POFFENBARGER, JUDGE:

Complaining of a judgment against it for the sum of $1,-
000.00, in favor of George Teel rendered by the circuit court
of Kanawha county, the Coal & Coke Railway Company as-
signs errors, in respect to the giving and refusing of instruc-
tions, rejection of evidence and the overruling of a motion for
a new trial.

The legal principles, applicable to the question of liability,
and entering largely into the rulings of the court, complained
of, have been thoroughly considered and stated in *Ricketts* v.
*Ches. & O. Ry. Co.,* 33 W. Va. 433, and *Gillingham* v. *Ohio
River R. R. Co.,* 35 W. Va. 588, and need not be re-examined
or restated here

The cause of action, stated in the declaration, is personal in-
jury, inflicted upon the plaintiff, while he was a passenger on
the defendant's railroad, at the hands of one of its servants, a
brakeman; it being alleged that this servant committed an as-
sault and battery upon the plaintiff, maliciously and without
any cause therefor, striking him violently and crushing and
bruising his face and breaking his nose.

According to the evidence, adduced by the plaintiff, he had
given no cause for the attack made upon him. The brakeman
had had an altercation with another passenger and was striking
him, when the plaintiff arose from a seat on the opposite side of
the aisle and protested, telling the brakeman not to hit the
man any more or something of that sort. At the time of the
uttering of these words, he was standing rather behind the
brakeman and had not evinced any disposition to strike him

or interefere otherwise than peaceably. Such is the testimony of the plaintiff himself and three other witnesses. This is directly contradicted by the testimony of about three witnesses introduced by the defendant. They say the plaintiff arose in a manner, indicative of hostility, and either struck the brakeman or laid his hand on his shoulder or neck. The first blow received by the plaintiff was inflicted on the nose with a pair of steel knuckles. This, his assailant admitted in his testimony.

The court committed no error in respect to the exclusion of evidence. It refused to permit the witness Sturgeon, the conductor of the train, to answer several questions propounded to him, concerning the condition of the man with whom the brakeman had his first controversy, at the time thereof and afterwards. Whether the evidence, intended to be elicited by these questions, was relevant and material or not, there was no indication to the court as to what the witness would have said in response to the questions. Since the witness had already stated that both of the parties seemed to be intoxicated and one of the questions related to intoxication on the part of the man first struck, we might infer intent to obtain further evidence of that kind, but we are utterly unable to perceive what the witness would have said in response to the unanswered questions. Hence, it is impossible to say the defendant was deprived of anything of value to it or was prejudiced. Moreover, this witness and others had already testified that both seemed to be intoxicated; the defendant had the benefit of the main fact, since it had already been laid before the jury; and these questions related to the condition of Mace, the man first struck, not Teel, and were, therefore, rather collateral to the main issue. In view of this, we think the court did not abuse its discretionary power in stopping the examination on the subject at this point, if it be conceded that a sufficient basis for an assignment of error was laid. "The court may in the exercise of a sound discretion, interpose to put an end to an unnecessarily protracted examination of a witness, though such discretion should be exercised with considerable caution." 8 Ency. Pl. & Pr. 74, citing abundant authority.

The objection to instruction No. 1, given for the plaintiff, is alleged inapplicability to the facts proven. It is abstract in

form only, not in substance. It states sound law, applicable to the case, but makes no express reference to the evidence. It is unskilfully drawn, but mere informality of an instruction is not ground for reversal. No jury, having heard this instruction read in the light of the evidence detailed to them, could have been misled by it. After stating the authority of employes to maintain order on passenger trains and of conductors as conservators of the peace, it said "on the other hand a railroad company is liable to a passenger on one of its trains for a wilful and unlawful striking or beating of a passenger by brakeman employed in operating such train. Such an assault is a breach of the duty of protection which such company owes to its passengers."

No fault is found with instruction No. 2, stating the measure of damages hypothetically, except the use of the words "outrage and indignity" in giving the elements of the damages. This is a captious objection. The instruction seems to have been taken from one given in *Ricketts* v. *Ches. & O. Ry. Co.* containing these words. That instruction was held bad because it told the jury they could assess examplary damages, interpreted by the court as meaning punitive damages, but no fault is found with that part of it which contained the words complained of. On the contrary, that portion of it was approved. This instruction relates to the *quantum* of damages, not the liability of the defendant. Its terms precluded the jury from considering it in any other light. Nor can it be said to assume the existence of facts, calculated to inflame the jury and so cause the imposition of excessive damages. At the time of the giving of the instruction, the court rightly assumed that wilful, malicious, unprovoked beating in a public place, if found by the jury, would necessarily include the elements of outrage and indignity.

The court refused to give three instructions requested by the defendant, in the form in which they had been prepared, but gave them after having modified them. The modification consisted of the insertion of the words "and had reasonable grounds to believe," after the words "as he believed," in that part of the instructions, relating to the force which the servant could have used to protect himself and preserve order on the train. As prepared, the instructions would have authorized the jury to find for the defendant if, in their opinion, the servant had used such

force as he believed was necessary under the circumstances. The modification narrowed the proposition, making the extent of rightful exercise of force depend upon actual and apparent necessity, not the brakeman's opinion, in that respect. This action of the court is questioned on the authority of *Jackson* v. *Commonwealth,* 96 Va. 107 (30 S. E. 452). The court, in that case, did approve an instruction, telling the jury the defendant has the right to repel an assault "by all the force he deemed necessary," but we take it this was done inadvertently, since there is no discussion or analysis of this phase of the instruction. Likely, its correctness was not argued in the briefs or seriously questioned, since there is nothing in the syllabus pertaining to it. At any rate, we do not think one who is assaulted may use such force, in repelling the attack, as he deems necessary, if he should deem it necessary to use more force than a jury would say is reasonable under the circumstances, viewing the situation from the standpoint of the assailant. *Montgomery* v. *Commonwealth,* 98 Va. 840, going to the other extreme, inaccurately says a man may rightfully use as much force as is necessary for the protection of his personal property, provided he does not endanger human life or do great bodily harm, since apparent, as well as actual, necessity justifies the exercise, and defines the limit, of force in repelling an attack. This Court, in *State* v. *Cain,* 20 W. Va. 679, says the prisoner acts at his peril in determining the necessity of taking life, and leaves the ultimate determination of that question with the jury, saying the jury must pass upon his action in the premises. The rules of self-defense do not vary in their application to felony, misdemeanor and civil cases. *Railroad Co.* v. *Jopes,* 142 U. S. 18, 26.

The court rejected defendant's instructions Nos. 4 and 5, apparently for the reason that they omitted the clause inserted in instructions Nos. 3, 8 and 9, by way of modification. For the reasons stated in the discussion of the action of the court in respect to said last named instructions, we think the court did not err in refusing Nos. 4 and 5. Instruction No. 7 was also refused. This told the jury the defendant company was not liable if they should find that the brakeman struck the plaintiff because he interfered with the former in his attack

upon the first man with whom he had his altercation, the plaintiff having no interest in said encounter, and not being under any obligation to protect the other party. We know of no principle, justifying the giving of this instruction and none is stated in the brief. Surely, a man is not justified in striking another with a deadly weapon, nor indeed at all, merely because he meddles in a controversy or encounter between other persons, to the extent of approaching and asking the prevailing party to desist. If it were so, the hazard, incident to peace-making, and peaceable intervention from humane considerations, would be so great, and the consequences so irremediable, as to make it extremely unpopular and deter most men from undertaking it. The evidence afforded ample ground for the conclusion that the assault was wholly without provocation, and the instruction omits the element of legal provocation.

Whether these instructions were fully justified as given we are not called upon to say, since they are not questioned in the brief filed by the defendant in error. Hence, they are not to be considered as approved and made precedents for future cases. They may be more favorable to the defendant than the facts, as indicated by the defendant's evidence, warrant, since there is no pretense of the imminence of a deadly or malicious asault upon the defendant's servant at the time of his resort to the use of a deadly weapon. He justifies his use of it as a precaution against the possibility of his being whipped in the fight.

If the evidence adduced by the defendant would justify a verdict for it, a question we are not called upon to decide, the state of the evidence is such that the verdict could not properly be set aside. In respect to the matters, deemed material in the trial, the evidence conflicted directly and positively, the witnesses dividing into two classes, each of which stated the occurrence in a different way. This makes the case, in respect to these matters, turn all together upon the credibility of the witnesses, a fact exclusively within the province of the jury.

For the reasons stated, the judgment will be affirmed with costs and damages according to law.

*Affirmed.*