# WHEELING.

McDade *v.* Norfolk and Western Railway Company.

## Decided June 11, 1910.

1. Carrier—*Relation Between Passenger and Carrier.*
    The relation of carrier and passenger does not terminate merely by the act of the passenger in alighting from the car at his destination. It continues until a reasonable time for the passenger to leave the railway premises has elapsed.

2. Same—*Assault on Passengers—Justification.*
    Provocation by insulting words alone does not justify an assault upon a passenger by the conductor.

3. Same—*Assault on Passenger—Exemplary Damages.*
    Exemplary damages are allowable in an action against a railway company for wilful injury inflicted by the conductor upon a passenger without lawful justification.

Error to Circuit Court, McDowell County.
Action by Allen P. McDade against the Norfolk & Western

Railway Company. Judgment for plaintiff, and defendant brings error.

<em>Affirmed.</em>

*Wyndham Stokes* and *Graham Sale,* for plaintiff in error.

*Strother, Taylor & Flanagan,* for defendant in error.

Robinson, President:

McDade purchased a ticket at Bluefield which, according to his testimony, entitled him to transportation by the Norfolk and Western Railway Company from that place to Coaldale. The conductor says the ticket was one for Cooper. The train on which he took passage was not scheduled to stop at Coaldale. He was told by the conductor that for Coaldale he would have to get off at Elkhorn. That place was beyond Coaldale. The conductor collected fare for the additional distance. McDade says two additional fares were collected from him during the trip. After the train passed Coaldale and before it reached Elkhorn a stop was made because of an obstruction on the track. McDade naturally took advantage of the opportunity to leave the train there and save distance in returning to Coaldale. He alighted from the car and requested the conductor to return him the extra fare that he had paid. There are different stories in relation to the words that were spoken between McDade and the conductor at the time McDade was leaving the train. The conductor says that McDade called him a most insulting and provoking name after he alighted from the car. It is clear from the evidence—in fact it is conceded—that the only provocation that McDade gave the conductor, if any, was by the use of insulting words. While McDade was still near the train, on the premises of the railway, the conductor violently assaulted him and did him bodily injury. A jury found damages in favor of McDade against the railway company in the sum of $400. From a judgment upon the verdict, the railway company has prosecuted the writ of error now before us.

McDade was still a passenger at the time he was assaulted if reasonable time in which to leave the premises of the railway company had not elapsed. Baldwin on American Railroad Law, 327; 4 Elliott on Railroads, section 1592; 2 Hutchinson on

Carriers, section 1016; Moore on Carriers, 556. Whether such reasonable time had elapsed before the assault was a question for the jury 'which they have determined in the negative. An instruction properly submitted this question to them. The jury found from the facts and circumstances that the relation of carrier and passenger had not terminated. There is little conflict of evidence on this feature of the case, and that finding is undoubtedly warranted.

Since McDade had not ceased to be a passenger, the railway company was under an absolute contractual duty to protect him from wilful and unlawful injury at the hands of its servants. The railway company still owed him that duty at the time the injury was done to him. Insulting language alone did not justify the assault. The conductor made the carrier liable when he injured the passenger because of mere words spoken. "For 'wilful injury, inflicted upon a passenger. of a common carrier by a servant of the latter, under provocation, by the exercise of force or violence, not justified under the principles of the law of self-defense, the carrier is liable." *Teel* v. *Coal & Coke Railway Co.*, 66 W. Va. 315.

The point is made that the damages found are excessive. The amount is indeed beyond the compensatory damages proved. But exemplary damages were allowable in this case. The assault was a breach by the carrier, through its conductor, of the duty which it owed to persons entrusting themselves to its care, at its solicitation and for compensation. *Claiborne* v. *Railway Company*, 46 W. Va. 363. The jury were told that they might mitigate the damages if they believed the provocation by the passenger's language warranted their doing so. There is conflict of oral evidence in reference to the use of insulting 'words. The jury saw the witnesses and were the judges as to the credibility of those witnesses. They were also the judges of the facts and circumstances given in evidence. The question of wantonness and wilfulness was within their province. There is no rule by which the amount of damages found can be said to be excessive.

The verdict is not contrary to the evidence. The trial court rightly applied the law to the case. There is no error in the judgment. It will be affirmed. *Affirmed.*