# CHARLESTON.

## SHIRES v. BOGGESS.

Submitted September 6, 1912.   Decided February 25, 1913.

1.  DEMURRER TO DECLARATION OVERRULED.
    The demurer to the declaration in this case was properly overruled.   (p. 111).

2.  PLEADING—*Amendment—Declaration—Filling Blanks.*
    A declaration may be amended, during the trial and before verdict, by filling in blanks, if substantial justice will thereby be promoted.   (p. 111).

3.  LIMITATION OF ACTIONS—*Computation of Period—Commencement of Action—Amendment of Pleading.*
    When so amended the declaration, so far as the statute of limitations is concerned, will have the same effect as if it had been originally filed in the amended form at the commencement of the suit.   (p. 112).

4.  PLEADING—*Reply*—*Necessity.*

A plaintiff need not reply specially to defendant's special pleas, unless he cannot deny all the averments of the plea and wishes to admit the truth of some of them and to avoid the effect of his admissions. (p. 112).

5.  TRIAL—*Instructions*—*Applicability to Case*—*Ignoring Issues.*

Binding instructions which ignore the theories of defense, or narrow its scope covered by the evidence, are bad. They must be broad enough to present all material phases of the issues to which they relate, and must submit conflicting theories. (p. 112).

6.  SAME—*Instructions*—*Damages*—*Ignoring Issues.*

Instructions, which ignore the essential elements of malice, and, if not in express words, by plain implication, tell the jury to find not only compensatory damages, but punitive damages, limited only by the amount sued for, are too broad in terms and give too wide a scope to the jury in assessing damages. (p. 113).

7.  ASSAULT AND BATTERY—*Civil Responsibility*—*Instructions.*

Instructions for defendant, intended to cover his theories of defense, and which his evidence tends to support, namely, that he was assaulted by plaintiff, in his own dwelling house or castle, and was not required to retreat, but had the right to stand and defend himself, and to repel his assailant, using such force as then appeared to him to be reasonably necessary to accomplish his purpose, if he then had the right to believe and did believe plaintiff intended to do him some bodily harm, were erroneously modified by interpolation of the word "great" before the words "bodily harm" employed therein. (p. 114).

8.  SAME—*Civil Responsibility*—*Justification*—*Self-Defense.*

One in his own house need not stand and take without resisting with force even slight assaults of an intruder or trespasser, and until he believes or has reason to believe that he is about to sustain some *great* bodily harm. But he must not use force disproportioned to that used against him, and may not use a deadly weapon unless his own life is imperiled or it is necessary to ward off great bodily harm. (p. 114).

9.  SAME—*Civil Responsibility*—*Instructions.*

Instructions for defendant treating plaintiff as a trespasser and the first to make assault, and proposing to tell the jury, that if so assaulted in his own house defendant had the right to defend himself and to eject plaintiff, using such force as appeared to him at the time necessary to accomplish his purpose, and that plaintiff could not recover, are bad, for not limiting defendant to such reasonable force as was proportioned to the

injury attempted or inflicted upon him, and were properly refused. (p. 115).

Error to Circuit Court, Monroe County.

Action by Minerva Shires against W. R. Boggess. Judgment for plaintiff, and defendant brings error.     *Reversed.*

*Boggess & Boggess, T. N. Read,* and *Russell S. Ritz,* for plaintiff in error.

*John W. Arbuckle, R. L. Keadle* and *G. C. Osborne,* for defendant in error.

MILLER, JUDGE:

We have this case before us for the second time. Formerly we reversed the judgment and remanded the case for a new trial. 68 W. Va. 137.

The declaration is good in form, and the demurrer was properly overruled. The first assignment of error is, therefore, without merit.

The next point is that during the trial, the court permitted plaintiff to amend her declaration, by inserting in the two blank spaces the figures "$50.00", covering, first, the amount necessarily laid out and expended in endeavoring to be cured; second, the amount necessarily laid out and expended for nurses while she was sick, sore and lame from defendant's alleged assault and bruises. We see no abuse of discretion in permitting these amendments, and none is pointed out. Section 8, chapter 131, Code, permits such amendments if substantial justice will be promoted thereby; but if it is made to appear that a continuance is thereby rendered necessary such continuance should be granted. Our case of *Travis* v. *Peabody Ins. Co.,* 28 W. Va. 583, says that, irrespective of statute, courts should permit amendments of pleadings at any time before verdict, on proper terms and if substantial justice so requires. To same effect are *Tabb* v. *Gregory,* 4 Call. 225, and *Anderson* v. *Dudley,* 5 Call. 529. It has been distinctly decided that a declaration may be amended in this way by filling blanks when the court has jurisdiction of the case. *Burleigh & Co.* v. *Merrill,* 49 N. H. 35. No request was made for a continuance by reason of the amend-

ments, which consisted simply of filling the blanks. If a continuance was desired, the least that could have been required of defendant was to move the court to do so.

It is argued that defendant was prejudiced by the amendment because at the time the statute of limitations would have barred action on the items covered by the amendment. But the items were covered by averments, except for the omission to fill the blanks. The authorities say that when an amendment to a declaration is properly allowed, according to the rule stated, so far as the statute of limitations is concerned, it will have the same effect as if it had been originally filed in the amended form at the commencement of the suit. *Kuhn* v. *Brownfield,* 34 W. Va. 252; *Lamb* v. *Cecil,* 28 W. Va. 652. No plea of the statute of limitations was tendered.

A third point is that plaintiff did not reply specially to defendant's special pleas. On the last trial there were general replications to these pleas and issue thereon. The rule is that plaintiff need not reply specially unless he cannot deny all the averments of the plea and wishes to admit the truth of some of them and to avoid the effect of his admissions. *Hunt* v. *Di Bacco,* 69 W. Va. 449.

Next, we are required to deal with instructions to the jury, given and refused. Plaintiff's instructions number 5 and 8 are first complained of. Number 5 told the jury in substance, that if defendant used more force and inflicted greater injury upon plaintiff than was necessary for the protection of his person from injury, they should find for plaintiff and assess her damages as such sum as they might see fit not exceeding the amount sued for. No. 8 told them that if they believed from the evidence that the blow was struck and the injury inflicted upon plaintiff by defendant, not for the purpose of protecting his person from injury, but in retaliation for the blow previously struck by her, then the jury might find for plaintiff and assess her damages at whatever sum they might see fit, not exceeding $5,000.00, the sum sued for.

Three grounds of objection are urged. The first is that the instructions are binding, and ignore the several theories of defense interposed by defendant, and are in conflict with instructions given on his behalf and are misleading. One theory covered

by special pleas was that plaintiff first assaulted defendant, and that he had the right to repel force with force, and that he had used only such force as from his age, condition, and circumstances reasonably appeared to him at the time to be necessary to prevent bodily harm being done him.    Another theory was that plaintiff assaulted him in his own house or castle, and though a licensee to cross his lot to a spring to get water, having, as the testimony tended to show, first assaulted him, she became a trespasser *ab initio,* and that he had the right to eject her from his premises, using such force as to him at the time and under the circumstances and conditions surrounding him seemed reasonably necessary to accomplish the object.

The second ground applicable to both instructions is, that, ignoring the essential elements of malice, and, if not in express words, by plain implication, they tell the jury to find not only compensatory damages, but punitive damages, limited only by the amount sued for.    Number 5 says: "Damages at such sum as they see fit."    No. 8 says: "Assess her damages at whatever sum they see fit not exceeding $5,000.00"; not limiting them to such damages as the jury might find from the evidence would reasonably compensate plaintiff for the alleged injuries sustained, as is usual in such instructions.

The trial court by instructions given at his instance covered in part defendant's theories of defense.    Other theories were covered by instructions refused.    But if plaintiff's instructions under consideration were bad, as we have many times decided, they are not cured by defendant's instructions, with which they are in conflict.    We think they are certainly bad, being binding, for ignoring the theories of defense, which the evidence tended to support.    Instructions which ignore the theories of defense, or narrow its scope covered by the evidence, constitute reversible error.    *Cobb* v. *Dunlevie,* 63 W. Va. 399.    Instructions must be broad enough to present all material phases of the issues to which they relate, and must submit conflicting theories.    *Mylius* v. *Raine-Andrew Lumber Co.,* 69 W. Va. 346.    Binding instructions to the jury based on controverted facts, which are not conclusive, and which ignore other facts and theories in the case, are bad.    *Canning Co.* v. *Grocery Co.,* 68 W. Va. 698.    And as held in *Fink* v. *Thomas,* 66 W. Va. 488, an instruction binding

a jury to give exemplary damages in an action for tort is errone-
ous. The instructions under consideration violate all these
rules, unless it be the last. While, as we have indicated, these
instructions do not, in express terms, tell the jury that they may
or should find exemplary damages, they are certainly too broad
in terms and give too wide a scope to the jury in assessing dam-
ages. Only compensatory damages are recoverable, unless malice
be present, or there be criminal indifference to civil obligations
on the part of the defendant. An instruction to the jury calling
for such damages, should clearly cover these phases of the issue.
*Jopling* v. *Bluefield Water Works & Improvement Co.,* 70 W.
Va. 670; *Smith* v. *Fahey,* 63 W. Va. 346. We are of opinion
that the instructions are bad, and call for reversal of the judg-
ment.

Another error relied on is, the refusal of the court to give, as
proposed, and in modifying and giving as modified, defendant's
instructions number 6 and 8. These instructions were intended
to cover the theories of the defendant, which his evidence tended.
to support, namely, that he was assaulted by the plaintiff, in his
own dwelling house or castle, and was not required to retreat,
but had the right to stand and defend himself, and to repel his
assailant, using such force as then appeared to him to be reason-
ably necessary to accomplish his purpose, if he then had the right
to believe and did believe plaintiff intended to do him some bod-
ily harm. The court interpolated the word "great" in these in-
structions, before the words "bodily harm", and gave them as
modified, refusing to give them as requested, thereby limiting
the right of defendant to use force necessary, if he had the right
to believe and did believe that he was about to sustain some
"great" bodily harm. Does the law so limit one in defense of
himself and his castle? In cases of homicide such is undoubt-
edly the rule. *State* v. *Clark,* 64 W. Va. 625, 641, 642; *State* v.
*Gravely,* 66 W. Va. 378. But is it so in a case like this? The
words "great bodily harm" usually imply an injury of a graver
and more serious character than ordinary battery. 4 Words and
Phrases 3162. Must one in his own house stand and take with-
out resistance even the slight assaults of an intruder or tres-
passer, until he believes and has reason to believe that he is about
to sustain some *great* bodily harm, before resorting to force?

We think not.  The authorities, we think, justify this conclusion.  2 Am. & Eng. Ency. Law, 984; 3 Cyc. 1071-3; *Markham* v. *Brown,* (N. H.) 31 Am. Dec. 209; 5 Am. & Eng. Ency. Law & Prac. (last ed.) 749, et seq.; *State* v. *Gum,* 68 W. Va. 105.  What these authorities enjoin is that one so assaulted must be careful not to use force disproportioned to that used against him, and of course he may not use a deadly weapon unless his own life is imperiled and it becomes necessary to do so to save his own life or ward off some great bodily harm.  Defendant's evidence tends to show that plaintiff first assaulted him with a heavy iron bucket, inflicting a painful wound over his eye, and that he then and before that requested her to leave his premises, that the injury inflicted on her was slight, and not out of proportion to the injury inflicted on him, of all which the jury of course were the judges; but defendant was entitled to have his theories of defense if there was any appreciable evidence tending to support them presented to the jury.  We think he was entitled to the instruction as proposed without the modification by the court.

The next point made is that the court erroneously rejected defendant's instructions numbers 1, 2, 3, 4, 7 and 10.  All these instructions, except the last, with some variation of words, proposed to tell the jury, treating plaintiff as a trespasser and the first to make an assault, that defendant had the right to defend himself and to eject plaintiff, using such force as appeared to him at the time necessary to accomplish his purpose, and if so, plaintiff could recover no damages.  The vice of all these instructions is that they do not properly limit defendant's rights of defense.  They should have limited him to such reasonable force proportioned to the injury attempted or inflicted upon him, as was necessary.  If more force is used than is reasonably necessary, and out of proportion to the force or injury inflicted, the one assaulted is not protected.  *State* v. *Gum, supra; Teel* v. *Coal & Coke Railway Co.,* 66 W. Va. 315, and authorities above cited.  In the form presented we think these instructions were properly refused.

Instruction number 10, that plaintiff must prove her case by a preponderance of the evidence, without which the jury should find for the defendant, was a proper instruction of course, but

this subject was substantially covered by defendant's instruction number 9, given.   There was no error in rejecting number 10.

.There was no error in the ruling of the court rejecting the record of the indictment, the verdict of the jury, and the judg-- ment of the court acquitting defendant of the assault upon the plaintiff involved in this case.   *Stevens* v. *Friedman,* 58 W. Va. 78, 84, and cases cited.

As the judgment below must be reversed for the errors already noted, it is unnecessary, indeed, improper, to consider the assign- ments of error relating to the weight and sufficiency of the evi- dence.

Lastly, it is complained that the judgment below is void for uncertainty.   The judgment was for the sum found by the jury with interest, subject to a credit of $122.20, costs recovered by defendant in this Court upon a former hearing, "less the amount advanced by plaintiff in this cause."   The judgment was er- roneous in this respect.   See *Thompson* v. *Mann,* 65 W. Va. 648.

Because of the errors found in the judgment below, and noted herein, it will be reversed, with costs to the plaintiff in error in- curred in this Court.

*Reversed.*