# CHARLESTON.

BRITTON v. SOUTH PENN OIL CO.

Submitted February 17, 1914.   Decided March 31, 1914.

1. DISMISSAL AND NONSUIT—*Failure to Dismiss—Waiver of Objection.*
   Omission of the clerk of a trial court, to dismiss at rules an action in which no declaration had been filed within three months after the process was returned executed, is not cause for reversal, if the defendant appeared, before the right of action would have been barred, and made up the issue on the declaration filed later, without having moved for a dismissal.   (p. 793).

2. NEGLIGENCE—*Injury to Servant—Petition—Informality.*
   The use of words in a declaration in an action for a personal injury, purporting to place upon the defendant a higher degree of duty than the law imposes, but which are so limited by qualifying words and phrases as to make them harmonize with the law, is good. Mere informality does not vitiate a pleading.   (p. 793).

3. TRIAL—*Instructions—Pleading.*
   It is prejudicial and reversible error to give an instruction founded upon a ground of liability not alleged in the declaration.   (p. 796).

4. SAME—*Instructions—Evidence.*
   It is likewise reversible error to give an instruction upon a ground of liability having no foundation in the evidence.   (p. 796).

5. SAME—*Submission of Issues—Questions of Law.*
   Instructions submitting to the jury questions of law violate a well settled rule of practice and should not be given.   (p. 797).

6. SAME—*Instructions—Reference to Evidence.*
   Instructions requiring the jury to pass upon issues of fact should not omit reference to the evidence. In other words, they should require the jury to found their belief as to the existence of facts upon the evidence in the case.   (p. 798).

7. SAME—*Binding Instructions—Ignoring Issues.*
   Binding instructions, ignoring vital issues in a case, should not be given, even though such issues are presented by other separate and distinct instructions.   (p. 798).

8.  INFANTS—*Release—Avoidance—Conditions Precedent—Burden of Proof.*

    Ordinarily a release of a right of action by an 'infant for a valuable consideration may be avoided by him on the ground of his infancy, after attaining his majority, without returning the money received by him as such consideration, unless it appears that such money or a portion of it remains in his hands unexpended, and the burden is upon the other party to the agreement to show such fund has not been expended, if he insists upon performance of the condition precedent.   (p. 798).

Error to Circuit Court, Wetzel County.

Action by Clyde W. Britton, an infant, etc., against the South Penn Oil Company.   Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*A. B. Fleming, Charles Powell,* and *Kemble White,* for plaintiff in error.

*Jackson V. Blair* and *Robinson & Robinson,* for defendant in error.

POFFENBARGER, JUDGE:

Here for the first time, an exception is taken to the neglect of the clerk of the trial court to dismiss the action for failure to file the declaration within three months after the return of the process executed agreeably to the requirement of sec. 7 of chap. 125 of the Code.   No motion to dismiss for that reason was made in the court below, and the issue was made up, after an unsuccessful demurrer, before the right of action would have been barred.   As the court could have set aside the dismissal for good cause and re-instated the case, or a new action could have been instituted, the defendant was not prejudiced by the oversight on the part of the clerk, and presumably elected to waive its right to a dismissal.

On two grounds, the sufficiency of the declaration is challenged, a claim of a higher duty on the part of the defendant than the law imposes and failure to aver due care for his safety on the part of the plaintiff.   The first criticism is not well founded.   The terms in which the duty of the defendant to safe-guard the plaintiff from "danger, risk, hurt or injury" are qualified by the phrase, "against which ordinary care

could avail," limiting the words, "danger, risk and hurt," and the averment that the defendant "did not use due and proper care and caution that the said machinery" etc., used or to be used by the plaintiff, "should be good, strong, safe," etc. so that he might use them "without danger, risk, hurt or injury * * * * * * against which ordinary care could avail." So restrained, they require no more than the exercise of reasonable care and diligence to provide a reasonably safe place for work and are accordant with law. Untenableness of the other position is equally apparent. The omission of an averment of due care on the part of the plaintiff amounts to no more than omission of negation of contributory negligence, for lack of due care on his part is, in law, contributory negligence, which need not be negatived in the declaration. *Jackson* v. *N. & W. R. Co.,* 43 W. Va. 380; *Snyder* v. *Pittsburg, etc. R. Co.,* 11 W. Va. 14. "As proof of due care is not a part of the plaintiff's case, it is, of course, not necessary he should aver it in his declaration." *Southwest, etc. Co.* v. *Andrew,* 86 Va. 270.

Employed as one of a crew or set of "roustabouts", consisting generally of three or four members, whose business it was to visit the defendant's oil wells in a certain district and, among other things, draw therefrom and replace the tubing and sucker rods, as occasion required, once or twice a month at each well, the plaintiff was injured by the breaking of what is known as a "tubing board," used up in the derrick as a sort of platform on which a man or men work in disconnecting and connecting the joints of tubing and sucker rods, as they are drawn from the well and replaced in it. The tubes and rods are drawn up and lowered by mechanical power, and, as they come up, the sections or joints are disconnected by a man on the "tubing board" and set aside, and, as they are lowered back in the well, he aids in the connection of the sections or joints. In the derrick in which the plaintiff was at work, when injured, there was a "tubing board" at a height of 60 feet, consisting of two pieces of timber 2 inches by 10 inches, and at a height of about 50 or 52 feet another, consisting of one piece of timber 2 by 10 inches, each supported at the ends by girders of the derrick. Necessity for two boards at different heights at some wells is occasioned by a

difference in the length of sections of rods and tubes. It was the lower board that broke with the plaintiff, causing him serious injury. His fall was interrupted by what is known as the ''bull rope,'' but he was rendered unconscious and one end of the broken board fell on one of his hands, practically cutting off one finger, severing the extensor tendon of another and otherwise injuring the hand. Other severe and permanent bodily injury is claimed.

The testimony of a witness, Ed Barth, relating to defectiveness of the board, was objected to on the grounds of self-contradiction, remoteness of time and its expression of an opinion. His credibility, brought in question by the contradictions as to whether he had ever examined the board and the dates of his examination thereof, was for the jury and did not render his evidence inadmissible. The alleged remoteness of his inspection depends upon his credibility also. Hence it is not available as ground of objection. As his opinion was founded upon a personal inspection of the board, if the jury believed he had inspected it, the authorities clearly sustain its admissibility. Though the board was fully described, the law nevertheless presumes inability of a witness to fully remember and state all the details of his observation upon which his impression at the time was founded. *State* v. *Pine,* 56 W. Va. 6; *Walker* v. *Strosnider,* 67 W. Va. 39; *Kunst* v. *Grafton,* 67 W. Va. 20; *Overby* v. *C. & O. Ry. Co.,* 37 W. Va. 525. There are many instances in which opinion evidence is properly excluded, but this seems to us to fall clearly within the exception to the general rule, recognized by the decisions here referred to.

Under the rule permitting proof of prejudice or bias of a witness, Kearns, who had been a fellow servant with Barth, testified that the latter had quit the service of the Company on account of personal difficulty between them. An offer was made to prove the difficulty had grown out of Barth's failure properly to perform his duty as a servant, which the court excluded. In doing so, it did not err. It amply subserved the defendant's purpose, to show Barth had quit its service on account of the difficulty between the two men. The tendency of the circumstance to prove bias against the company would not have been strengthened by a disclosure of the cause of the

73 W. Va.

quarrel. However, something more concerning the character of the trouble got before the jury. Barth admitted he had quit on account of a "rumpus" he had had with "one of the foremen."

An offer to prove the defendant had tendered the plaintiff a position as a pumper, after he had partially recovered, and ordered still lighter work to be given him, in the event of his inability to do pumping, was likewise rejected. An admission of the plaintiff that he had applied to agents of the company for work, before the suit was instituted, had been obtained from him, on cross-examination, and also that Chambers, one of them, had directed him to go to Swisher, the other one at a named place in the Company's field, and that he had not applied to Swisher. In addition to this, Swisher was permitted to testify that in response to an inquiry from the plaintiff, after he had gotten out of the hospital, he had said, "Clyde, I have never discharged you; I am still carrying you on my time book, and when you feel that you are able to go to work, you come back and I will have something for you to do." Chambers was also permitted to testify to a conversation in which he had asked him if he thought he could pump and, after plaintiff had said he did not know, told him "to go there and Mr. Swisher would have something for him to do." The further evidence offered, concerning this phase of the case, was an instruction from Chambers to Swisher to furnish the plaintiff work he could do, if there was such work in his department. The argument in support of this offer is that the evidence tended to prove the plaintiff was not totally incapacitated, but was able to do some work and could obtain employment. But it tends to prove no more than the opinion of the witnesses as to his capacity and their willingness to test it. If admitted, it would not have shown what he could do. Of course the extent of his injury and resultant incapacity was a subject of proper enquiry, and lack of impairment of earning capacity may be shown by proving such capacity, but the court may exclude evidence having no real tendency to prove it.

At the instance of the plaintiff, the court gave, over objections of the defendant, two instructions in abstract form Nos. 10 and 15, telling the jury, in effect, the master is liable for

an injury to an infant servant, resulting from his failure to give him notice, instruction and warning as to the danger of his employment, notwithstanding lack of any averment in the declaration of such failure or evidence thereof. In this, it erred palpably and to the prejudice of the defendant. The principle is so well settled as to require no citation of authority and so clearly applicable as to require no demonstration of its applicability. However, the following, out of a great number of precedents, are cited: *Chandler* v. *Car and Foundry Co.*, 69 W. Va. 391; *Kunst* v. *Grafton*, 67 W. Va. 20; *Atkinson* v. *Winters*, 47 W. Va. 233; *Kuykendall* v. *Fisher*, 61 W. Va. 87; *Parker* v. *Building and Loan Association*, 55 W. Va. 134; *Chadister* v. *Railroad Co.*, 62 W. Va. 567. Plaintiff's instruction No. 14, enunciating the law of assumption of risk as applied to infants, is assailed on the same ground, but it responds to the defendant's evidence admissible on a different issue, wherefore the principle does not apply and the objection is untenable.

There are exceptions to plaintiffs instructions Nos. 12, 1A and 18, the first and third of which are said to have imposed too high a degree of duty upon the defendant in that they state it as the duty of a master to provide reasonably safe and suitable machinery for the servant and, in the instant case, a reasonably safe, sound and secure tubing-board. They do not adhere literally to the rule of duty as declared by the authorities, but the inaccuracy of statement is thoroughly cleared up by instructions given at the instance of the defendant. For the purpose of the new trial to be allowed, they should be re-written and, in this respect, made to conform to the rule. No. 1A is abstract, makes no reference to the evidence and leaves it to the jury to determine questions of law as well as fact, saying: "If you believe in this case that the defendant company did that which an ordinarily prudent man would not have done under the circumstances, or left undone that which an ordinarily prudent man would have done, which resulted in the injury complained of by the plaintiff, then the defendant is guilty of negligence." This is entirely too general and indefinite, leaving it in the power of the jury to base its verdict upon anything it may deem a legal duty, provided it resulted in the injury complained of. Questions of law

should not be submitted to a jury in any form. Instruction No. 18 violates this principle, submitting the question, whether it was the duty of the defendant to furnish a reasonably safe, sound and secure tubing-board. No. 1A and No. 4 ignore the evidence. This defect might not call for reversal, since they may be aided by others, and the defect may not be prejudicial, but it should be corrected for the purpose of the new trial. Nos. 12 and 1A ignore the theory of contributory negligence. Of course, they are technically defective and, under some precedents, the giving thereof would be cause for reversal. They should be corrected in this respect also, if given again. Plaintiff's instruction No. 13 told the jury plaintiff's right to recover, if he had any, was not affected by his having contributed to his injury, if he did so, unless he was in fault. It is difficult to see how he could contribute to his injury, in a legal sense, without having been in fault, and equally so to see how he could have a right of recovery, if he contributed to his own injury. It is contradictory, states no legal principle and is thoroughly bad.

A defense founded upon the plaintiff's membership in a relief association known as the ''Relief Association of the Employees of the South Penn Oil Company,'' to the support of which the defendant contributes largely, is urged in support of a peremptory instruction to find for the defendant, the motion to set aside the verdict and two instructions asked for and refused. If the plaintiff had been an adult, there is authority under which his right of action would have been barred, not by his contract, or agreement to release, constituting one of the articles of the association, but by his acceptance of the benefits to which he was entitled as a member. *Graft* v. *R. R. Co.*, 8 Atl. Rep. 206; *Johnson* v. *Phila. and R. Railroad*, 163 Pa. St. 127; *Ringle* v. *Penna. R. R. Co.*, 164 Pa. St. 529. Whether the doctrine of these cases is sound we have no occasion to say, since the plaintiff here was an infant, when he accepted benefits and when his action was brought. Our primary question, therefore, is whether he could repudiate his agreement, assuming it would have been binding, had he been an adult. He was injured, May 28, 1910, brought his suit Apr. 20, 1911, and received monthly benefits as a member of the association, until and including Nov., 1911, but none after

he became of age, a few days before the trial. Defendant's instruction No. 12, would have submitted the facts to the jury hypothetically and directed them to find for the defendant, if they believed them to be established by the evidence. Its instruction No. 13 would have told the jury the plaintiff could not recover, if he was a member of the association and received benefits therefrom and did not return them after having attained the age of 21 years.

An English case, *Clements* v. *London and Northwestern Ry. Co.*, 2 Q. B. (1894) 482, enunciates the doctrine that, if such a contract is, in the opinion of the court, beneficial to an infant member, it may elect to affirm the contract for him, in which event, he has no power to avoid it. Whether this is sound doctrine or not, we are under no duty to say, because the contract here involved cannot be regarded as beneficial. The beneficiaries were classified by the monthly wages paid them. Class 1 included persons receiving $75.00 per month or less; Class 2, those receiving more than $75.00 and not over $100.00; and Class 3, those receiving over $100.00. Plaintiff belonged to Class 1 and was entitled, in case of injury, to $1.00 a day for 26 weeks and .50 cents a day for the next 26 weeks and nothing thereafter. This would make a total of less than $300.00 by way of compensation for a permanent injury, a sum so palpably inadequate and disproportionate that no judge or other person of ordinary intelligence, convinced of the liability of the defendant and acting for the plaintiff, would have accepted it for him. Regarding it from the stand point of an association member before injury and seeing the possibility of injury or death in the service for which there could be no recovery, with the right to benefits nevertheless, indemnity for one year in case of injury and $1,000.00, less the sick benefits paid, in case of death, the contract looks better, but still carries no more inedmnity than a member likely could have obtained from an accident insurance company by the payment of a reasonable premium, without releasing his right of action for negligence resulting in permanent injury, a case not adequately provided for in the association articles. In this respect, the character of the contract depends upon circumstances not disclosed by the evidence and the burden of proof is on the defendant.

73 W. Va.

Defendant's instruction No. 13, based upon the theory of right of repudiation upon compliance with a condition precedent, return of the benefits received therefrom and remaining in the possession of the plaintiff, propounds the theory of non-compliance with the condition. The law clearly excuses non-return of so much of the money as has been expended. *Gillespie* v. *Bailey,* 12 W. Va. 70; *Mustard* v. *Wohlford,* 15 Gratt. 329; *Young* v. *W. Va. C. & P. Ry. Co.,* 42 W. Va. 112. Whether any of it remained unexpended is not disclosed by the evidence. Plaintiff accepted no relief after having attained his majority. In view of these facts, the refusal of the instruction was justified by lack of evidence. *Young* v. *Ry. Co.,* cited.

Complaint is made of the allowance of undue latitude to counsel in the argument of the case to the jury. The judge certifies but one ruling on one portion of it, however, saying the other exceptions were merely dictated to the stenographer and not brought to his attention. The exception upon which the court acted was taken to a statement of the attorney's belief that the defendant was not soulless, but owned "its men soul and body." This remark was part of his argument against the credibility of certain witnesses who were employees of the defendant, and carried no more than a deduction of his own from their testimony and demeanor on the witness stand. The jury could not have regarded it as any more than argument founded upon his construction of certain portions of the evidence. As it was not wholly foreign to the issue and evidence, the court properly overruled the exception. Since no ruling by the trial court upon the other portions of the argument complained of were obtained we are not authorized to pass upon them.

The important considerations underlying the prayer for a peremptory instruction and the motion to set aside the verdict, and not dependent upon conflicting evidence, have been sufficiently discussed in the disposition of other assignments of error. In that connection, enough has been said to show they are not conclusive and, as a new trial is to be awarded for error respecting instructions, we refrain from inquiry as to the sufficiency of the evidence, agreeably to the general rule relating to that subject.

For the reason stated, the judgment will be reversed and the case remanded for a new trial.

*Reversed and Remanded.*