# CHARLESTON

FRANK v. MONONGAHELA VALLEY TRACTION COMPANY.

Submitted November 24, 1914.   Decided December 22, 1914.

1. TRIAL—*Binding Instruction.*

    A binding instruction only partially stating the material facts in issue, and omitting the evidence and theory of defense, is erroneous because of incompleteness.   (p. 365).

2. APPEAL AND ERROR—*Trial—Instructions—Abstract Proposition— Harmless Error.*

    While not fatally erroneous if not misleading, an instruction embodying a mere abstract proposition of law, without direction or suggestion as to its application to the controverted facts in evidence, is improper and should not be given. If misleading, it will constitute reversible error.   (p. 366).

3. CARRIERS—*Ejection of Passenger—Use of Force—Instruction.*

    A passenger on a railway car may lawfully be ejected therefrom, by the use of such force as is reasonably necessary for the purpose, for disorderly conduct or for the use of profane or vulgar language; and, in a case where the carrier relies on such justification, an instruction limiting the right of ejection by a conductor to the necessity of self-defense is erroneous.   (p. 366).

4. SAME—*Ejection of Passenger—Right—Instruction.*

    Where the evidence tends to show the passenger's persistence in disorderly conduct and the use of vulgar and profane language, warranting ejection, an instruction is erroneous which forbids the exercise of that right if, at the time thereof, the passenger "had ceased to curse and swear and had ceased his disorderly conduct."   (p. 367).

Error to Circuit Court, Marion County.

Action by Joe Frank against the Monongahela Valley Traction Company. Judgment for plaintiff, and defendant brings error.

> Reversed, verdict set aside, and new trial awarded.

*Geo. M. Alexander, Charles Powell,* and *A. J. Colborn,* for plaintiff in error.

*Harry Shaw,* for defendant in error.

LYNCH, JUDGE:

On writ of error, defendant assigns as erroneous the admission of evidence and the giving of instructions on behalf of plaintiff, and the rejection of evidence offered by it.

As to rulings on evidence, we thing no error was committed. Frank was recalled as a witness, in rebuttal, to deny the testimony introduced by defendant strongly tending to show use by him of vulgar, profane and indecent language and violent and disorderly conduct, warranting ejection as a passenger from the car operated by defendant on its line of railroad from Fairmont to Clarksburg. He did deny the language and conduct attributed to him. For this purpose, he was not improperly recalled and re-examined. By the evidence offered and rejected, defendant undertook to prove plaintiff did not inform the company of the fact and manner of the injury for which he sued, nor seek from it redress therefor before the institution of the action. The rejection of this evidence was not improper. Nor does defendant seriously rely on it for reversal.

The giving of twelve of the thirteen instructions requested by plaintiff is assigned as erroneous. As they cover seven, one of them two, pages of the printed record, we will not quote them.

The first instruction assembled the facts relied on by plaintiff for recovery, omitting those tending strongly to show defendant's contention in denial of a right thereto, and advised the jury that, if they believed the facts so statd, they "should find for the plaintiff". This was, a binding instruction partially stating the facts in issue, and plainly, therefore,

should not have- been given. Many cases hold similar instructions erroneous. *Snyder* v. *Railroad Co.,* 11 W. Va. 14; *Washington* v. *Railroad Co.,* 17 W. Va. 215; *Storrs* v. *Feick,* 24 W. Va. 606; *Clairborne* v. *Railroad Co.,* 46 W. Va. 363; *Robinson* v. *Lowe,* 50 W. Va. 75; ·*Delmar Oil Co. v. Bartlett,* 62 W. Va. 700; *Cobb v. Dunlevie,* 63 W. Va. 398; *Mylius* v. *Lumber Co.,* 69 W. Va. 346. ''Binding instructions which ignore the theories of defense, or narrow its scope covered by the evidence, are bad. They must be broad enough to present all material phases of the issues to which they relate, and must submit conflicting theories''. *Shires* v. *Boggess,* 72 W. Va. 109.

As number two presented a mere abstract legal proposition, without any direction or suggestion as to its application to the controverted facts to be considered by the jury in arriving at a proper conclusion, it contravenes our decisions in *Britton* v. *Oil Co.,* 73 W. Va. 794, 81 S. E. 525; *Wilhelm* v. *Traction Co.,* 82 S. E. 1089; *Sheppard* v. *Insurance Co.,* 21 W. Va. 368; *Clairborne* v. *Railroad Co., supra.* While not reversible error if plainly not misleading, the giving of such instructions should be avoided. The jury may misinterpret their meaning, or misapply them to the facts. *Coffman* v. *Hedrick,* 32 W. Va. 120. And we can not say this instruction did not have that effect. The jury may readily have misapplied it.

While we deem number three not wholly improper, it should have been framed so as to present more clearly the vital issues as to the real cause of the assault in controversy. The words ''if any'' in the concluding clause is meaningless, as manifestly an assault was made, the main question being who was the aggressor. plaintiff or defendant's agent. If Frank was disorderly, either as to his behavior or language, to the extent warranting ejection from the car, the conductor not only had authority but it was his duty, under §31, Ch. 145, Code, to cause the ejection, although Frank had paid his fare and who but for such conduct or language would have been entitled to carriage to his destination; and, while technically the attempt to exercise the right and duty thus legally imposed was an assault, it was not an unlawful assault, unless, in view of all the facts and circumstances in evidence, the

conductor in the exercise of that duty and authority used more force than was reasonably necessary for the purpose. This instruction failed so to present these facts, but told the jury the assault by the conductor was unlawful unless made in self-defense; at least it was susceptible of that interpretation.

Number four was not improperly given. What has been said as to number three applies with equal force to numbers five and six. Besides, number five was manifestly misleading. The persistent use of profane and insulting language does justify the ejection of a passenger guilty of such use; and, as we have said, the conductor who ejects him therefor is not guilty of an unlawful assault. 2 Moore on Carriers 1407; 6 Cyc. 550; *Railway Co.* v. *Pelletier*, 134 Ill 1201; *Robinson* v. *Railway Co.*, 87 Me. 387; *Railway Co.* v. *Brame*, 109 Va. 422. Hence, to say, as this instruction did, that a conductor "can only assault a passenger when justified under the law of self-defense", was, under the circumstances of this case, manifestly misleading. *Teel* v. *Railway Co.*, 66 W. Va. 315, and *McDade* v. *Railway Co.*, 67 W. Va. 582, cited by plaintiff, do not sustain the instruction. In neither of these cases was there any attempt to eject a passenger. Apparently, the assaults therein involved were wholly unjustifiable.

We see no reasonable objection to numbers seven, eight, nine, ten and eleven. Though seven and eight do not fully state the law applicable to exemplary damages, yet, when read together, we deem them reasonably sufficient.

Numbers twelve and thirteen do not state sound legal propositions. Though, strictly speaking, not profane, the words quoted in number twelve, if used, were vulgar, indecent, and grossly insulting. If persistently used by him, in the manner testified to by various witnesses, they did justify plaintiff's expulsion by the conductor and the employment of such force as was reasonably necessary for that purpose.

If it can be said number thirteen correctly states the rule governing the right of ejection, then every passenger is immune from the exercise of that right, however violent, vulgar or profane he may have been immediately before, if at the time the attempt is made to eject him, as the instruction says. "he had ceased to curse and swear and had ceased his dis-

orderly conduct''. If quiet at all, and the evidence leaves that question in doubt, Frank ceased to engage in vindictive and insulting language only when the conductor was about to remove him. Though warned to desist under penalty of ejection if he disregarded the admonition, plaintiff, according to some of the witnesses, continued to be disorderly and to persist in the use of loud, violent, profane and vulgar language. There was testimony tending to show also that, when the conductor approached him, Frank prepared to resist any attempt to cause his removal before arriving at Hutchinson, his intended destination. Moreover, he did avail himself of all his physical strength in resistance of the efforts made for his expulsion.

Being of opinion the instructions designated as erroneous should not have been given, we reverse the judgment and award a new trial.

*Reversed, verdict set aside, and new trial awarded.*