## CHARLESTON.

T. W. ZINK *v.* B. HAMPTON GRAY, GUARDIAN OF JOHN ROBERT
SCREENER, AN INFANT OVER FOURTEEN (14) YEARS OF
AGE; JOHN ROBERT SCREENER IN HIS OWN
PROPER PERSON AND H. W. HICKS

(No. 6090)

Submitted February 8, 1928.  Decided February 21, 1928.

INFANTS—*Generally, Infant May Disaffirm Contract by Returning
Only Such Part of Consideration as Remains in His Hands
in Specie.*

As a general rule, an infant may disaffirm his contract by
returning only such part of the consideration as remains in
his hands in specie.

(Infants, 31 C. J. § 166.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Appeal from Circuit Court, McDowell County.

Suit by T. W. Zink against B. Hampton Gray, guardian of
John Robert Screener, an infant over 14 years of age, H. W.
Hicks, and another.  From the decree below, defendant Hicks
appeals.

*Affirmed.*

*Joseph M. Crockett,* and *Sexton & Sexton,* for appellant.

*J. N. Harman, Jr.* and *James S. Kahle,* for appellees and
Screener.

LITZ, JUDGE:

Pursuant to authority from the circuit court of McDowell
county, Addie F. Screener, as guardian of John Robert
Screener, an infant, conveyed to T. W. Zink, April 30, 1923,
certain real estate belonging to the infant; receiving in part
consideration therefor four several notes of Zink for $1750.00
each, payable to her six, twelve, eighteen and twenty-four
months, respectively.  Some time later O. C. Peters, as agent

of H. W. Hicks (an automobile dealer in the town of Pocahontas, Virginia), on being informed by J. H. McNeer, cashier of the First National Bank of Pocahontas, that John Robert, then eighteen years of age, was a "good (automobile) prospect," induced him to buy a Lincoln car at the price of $4,000.00. A written contract, evidencing the sale and purchase, was entered into between Hicks and Screener, June 28, 1923; at which time the latter delivered to the former two of the Zink notes, which he had obtained from his guardian, Addie F. Screener, as a credit on the purchase price, the balance being secured by reservation of title in the vendor. A few weeks later John Robert embarked upon an extended trip with the automobile, but on reaching Forest City, Arkansas, was arrested and imprisoned at the instance of Hicks for removing the car from the state of Virginia in violation of the contract. While Screener was being thus restrained Hicks assumed, and retained, possession of the car. Whereupon the infant disaffirmed the contract and demanded the return of his notes. He also advised Zink, the maker of the notes, that they belonged to him. Addie F. Screener having died, B. Hampton Gray was appointed guardian of John Robert Screener. Zink instituted this suit in chancery against John Robert Screener, his guardian, B. Hampton Gray, and H. W. Hicks for the purpose of determining the ownership of the notes. Answers were filed by B. Hampton Gray, as guardian of John Robert Screener, Hoagland French, as guardian ad litem of John Robert Screener, John Robert Screener in his own name, and H. W. Hicks. The demurrer of Hicks to the bill and answers of John Robert Screener and B. Hampton Gray, guardian, was overruled. Upon the pleadings and evidence the circuit court cancelled the contract and directed payment of the notes to B. Hampton Gray, as guardian of the infant. Hicks has appealed, assigning as grounds of error (1) the overruling of the demurrer; and (2) the cancelling of the contract between John Robert Screener and H. W. Hicks and directing the payment of the notes to B. Hampton Gray, as guardian of John Robert Screener. The basis of the demurrer is that the administrator of Addie F.

Screener should have' been made a party defendant, upon the theory that she purchased the automobile and transferred the notes to Hicks.

Hicks predicates his claim to the notes upon the grounds, first, that he sold the car to, and received the notes from, Addie F. Screener, guardian and foster mother of John Robert Screener, and did not therefore contract with the infant; and second, that he was induced to enter into the contract of sale with John Robert Screener on account of his fraudulent representation that he was 21 years of age. It is clearly shown by the written contract and the other evidence in the case that Hicks and John Robert Screener were the only parties to the transaction. J. H. McNeer, a witness for Hicks, says he told O. C. Peters that John Robert Screener was "a good prospect for a car". It appears from the testimony of Peters that upon being so advised he immediately attempted to find Screener for the purpose of selling him an automobile; that he made two or three trips to the home of Mrs. Screener where John Robert lived inquiring for him, and did not mention the matter to Mrs. Screener until the second trip when she insisted on knowing his business. McNeer testified also, that Mrs. Screener came to his bank the day before the contract was executed between Hicks and John Robert to discount the notes, stating at the time, "that she wanted to turn the money over to John Robert to buy a car." Hicks admits that he had no dealings with Mrs. Screener and says that John Robert delivered the notes to him at the time the contract was executed, stating that Mrs. Screener had given them to him to purchase a car. John Robert Screener testifies that he told Hicks at the time of the transaction, that the notes belonged to him and had therefore been held by Mrs. Screener as his guardian.

The evidence relied on to establish the claim that Hicks was induced to part with the automobile upon the representation of John Robert that he was 21 years of age, is, that the latter stated to the former at the time of the sale "that he was his own man." Cross-examination of Hicks on this issue follows: "Q. You did not consider his age one way or the other then Mr. Hicks? A. No, sir. Q. Made no inquiry

concerning it? A. Nothing was said, only the remark that he was his own man and did his own trading; and that is all that entered into it." John Robert says he informed Hicks at the time of the sale that he was only 18 years of age. There is nothing in the evidence to take the case out of the general rule, established by the weight of authority, that an infant may disaffirm his contract by returning only such part of the consideration as remains in his hands in specie. 31 C. J. 1070; *Britton* v. *South Penn Oil Co.*, 73 W. Va. 792, 81 S. E. 525; *Young* v. *West Virginia C. & P. Ry Co.*, 42 W. Va. 112; *Gilispie* v. *Bailey*, 12 W. Va. 70; *Mustard* v. *Wohlford*, 15 Gratt. 329, 14 R. C. L. 239.

The judgment of the circuit court will therefore be affirmed.

*Affirmed.*