# CHARLESTON.

James W. McKinney v. The Virginian Railway Company

(No. 6016)

Submitted January 31, 1928.    Decided March 13, 1928.

Railroads—*Where Undisputed Facts Reasonably Justify Conclusion That Plaintiff Contributed Proximately to Injury, Court Should Hold Him Guilty of Contributory Negligence as Matter of Law; in Pedestrian's Action When Struck by Train at Crossing, Evidence Held to Show Contributory Negligence as Matter of Law.*

Where the controlling facts, undisputed, in an action for personal injury, reasonably justify only the conclusion that the plaintiff contributed proximately to his injury, the court should hold, as a matter of law, that he is guilty of contributory negligence.

(Railroads, 33 Cyc. pp. 1094, 1113.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Raleigh County.

Action by James W. McKinney against the Virginia Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*W. H. T. Loyall, McGinnis & McGinnis,* and *Martin & Wingfield,* for plaintiff in error.

*Kyle D. Harper,* for defendant in error.

Litz, Judge:

The defendant prosecutes error to the judgment of the circuit court on a verdict in favor of the plaintiff for $3,000.00.

The declaration alleges, in substance, that by reason of the negligence of the servants of the defendant operating its train in failing to give the crossing signals required by the statute the plaintiff in the exercise of due care while walking

along and upon the highway at a public crossing of the railroad of defendant was struck and seriously injured by the train.

March 12, 1926, plaintiff who lived about six miles distant, came to the town of Lester, Raleigh County, in an automobile driven by Mike Browsky to secure medicine for a sick child. The car was parked about one hundred feet from a public crossing of the railroad track of defendant while the plaintiff proceeded afoot over the crossing to the office of a doctor. Returning an hour later, he stopped a few feet from the track, and looking and listening in both directions for the approach of trains, started across to the automobile. After traveling twenty-one feet to the opposite side of the track, he again hesitated to look for the driver; and reversing his course, started back diagonally across the track toward the depot where he thought he sa whim standing; continuing this course for thirty-four feet, with his back toward the east, was struck by a west bound passenger train as he stepped from the track. He says: "I started right across the track, walked right over just across the track on the board—that is, along by the side of the track, and I looked down toward my car and I didn't see my driver nowhere, and I stopped and looked back toward the depot to see if I could see him anywhere, and I thought I saw him standing over next to the depot, and I turned and started up—" He states also that it was about a minute from the time he started upon the track before he was struck, walking twenty-one feet, then stopping and reversing his course for thirty-four feet, without looking or listening for trains, nothwithstanding he could have seen the train that struck him approaching for a distance of six or seven hundred feet.

The principal error assigned is predicated upon the refusal of a peremptory instruction on behalf of the defendant. Assuming that the defendant failed to give proper crossing signals, which is denied by its witness, we are firmly convinced that the plaintiff was guilty of contributory negligence. As stated in the case of *Krodel* v. *B. & O. Ry. Co.*, 99 W. Va. 374, a railroad crossing proclaims danger in itself. It also bears thee xpress sign, "Look out for the locomotive."

All persons know that swiftly moving trains are liable to pass over it at any minute. While the traveler may expect warnings of a train's approach to be given, he cannot rely upon that alone, but must take reasonable precaution commensurate with the danger to protect himself. Not only this, but the plaintiff had notice by the presence of many persons and vehicles at the station that the immediate arrival of a train was expected.

As the controlling facts, undisputed, reasonably justify only the conclusion that the plaintiff contributed proximately to his injury, the judgment complained of will be reversed, the verdict set aside, and a new trial awarded.

*Reversed and remanded.*