FRANK L. MORRISON *v.* FRED ROUSH *et als.*

(No. 6943)

Submitted April 21, 1931. Decided April 28, 1931.

Scott, Graham & Wiswell, for plaintiffs in error.
T. W. Peyton, for defendant in error.

MAXWELL, JUDGE:

For personal injuries received in an automobile accident in the City of Huntington on the 26th of May, 1930, Frank L. Morrison obtained a verdict and judgment for $3,000.00 against Frank Roush, Grant Roush and Leo Volkenrath. The Roushes prosecute this writ of error.

Morrison and a companion were sitting on the outer running board of a car parked parallel to and against the south curb of Third Avenue in said city, awaiting the arrival of a bus. Where they were sitting was exactly opposite a street car safety zone, marked on the surface of the street by metal disks, for the protection of passengers using east bound cars. The distance from the south curb to the zone boundary was eighteen feet. The automobile upon which they were sitting was approximately six feet in width, leaving a space of about twelve feet between it and the safety zone. They had been there about five minutes when Fred Roush, driving a light truck belonging to Grant Roush, approached from the west. As the truck neared them at a moderate speed, Leo Volkenrath, driving a passenger automobile and coming up in the rear of the truck, attempted to pass it on the left, and, to avoid running through the safety zone where two people were standing, having alighted from a street car which had just stopped, he cut his automobile sharply to the right before it had entirely passed the truck. This resulted in the rear right bumper of Volkenrath's automobile becoming interlocked with the left end of the front bumper of the truck, thereby throwing the truck over and against the automobile where Morrison and his companion were sitting. Morrison was seriously injured; his companion escaped unharmed.

It is true that Morrison in sitting on the running board of the parked automobile was violating section 99, chapter 43, Code 1923, which makes trespassing upon the vehicle of another a misdemeanor. Clearly this statute was intended for the protection of private property and is in no sense a traffic regulation. The violation of that statute by Morrison at the moment of the injury does not bear on the question of contributory negligence. The fact that Morrison had stationed

himself six feet from the curb in a busy street might be considered contributory negligence, but the fact that he was sitting on the running board of another person's car, in violation of the above statute, cannot in itself be said to have constituted contributory negligence. We are, therefore, of opinion that the court properly refused Roush instruction No. 4 which would have told the jury that the action of the plaintiff in sitting upon the running board of the automobile without the consent of the owner was illegal ''and if by so doing he placed himself in a postion of danger or hazard from passing automobiles and was injured by a car running on the Avenue, he cannot recover in this action.''

The first point of error, in order of assignment, goes to the action of the trial court in overruling the demurrer of the Roushes to the fourth count of the declaration. The demurrer as to that count is predicated particularly upon the allegation therein that at the time he was hurt ''plaintiff was sitting on the running board of a certain automobile, the same being then and there lawfully parked beside the south curb on Third Avenue.'' It is said that that allegation in itself discloses contributory negligence on the part of the plaintiff. If the court could say that this fact was such that reasonable minds could draw therefrom only the conclusion that such conduct was inherently negligent, the demurrer should have been sustained, otherwise not. Roush instruction No. 3, refused, (another point of error) would have required the court to tell the jury as a matter of law that the plaintiff's conduct was negligent. The same legal proposition thus being presented by both the demurrer and the said instruction, the two will be considered together. In our opinion the demurrer was properly overruled and the said instruction was properly refused. From the situation presented the court would not be warranted in saying in effect that reasonable minds could not differ on the subject of whether the plaintiff was guilty of contributory negligence in stationing himself at the point where he was at the time he was hurt. ''It is only when the facts which control are not disputed, and are such that reasonable minds can draw but one conclusion from them, that the question of contributory negligence barring recovery be-

comes one of law for the court." *Coleman* v. *Railway Co.,* 100 W. Va. 679. In agreement: *McKinney* v. *Railway Co.,* 105 W. Va. 319; *Krodel* v. *Railway Co.,* 99 W. Va. 374; *Shriver* v. *County Court,* 66 W. Va. 685, 693; 45 Corpus Juris, page 1304; 1 Sherman & Redfield on Negligence, (6th Ed.), sec. 55. Under the latter authority, the question of contributory negligence "is to be submitted to the jury, under proper instructions, unless it is entirely free from doubt." That question was a proper one for jury consideration in this case.

The giving of plaintiff's instructions 4, 5 and 6 over the objection of the Roushes is assigned by them as error.

Instruction No. 4 reads:

> "The court further instructs the jury that a person lawfully in a public highway may rely upon the exercise of reasonable care by drivers of automobiles to avoid injury and failure to anticipate omission of such care does not constitute contributory negligence, and a person lawfully in the highway is not bound as a matter of law to be continuously listening or looking to ascertain if automobiles or other vehicles are approaching, under penalty that (if) he fails to do so and is injured, his own negligence will defeat the recovery of damages sustained."

This instruction is abstract, abstruse and confusing. It assumes that the plaintiff was lawfully in the street when he was injured. Maybe so, but that is not relevant to a point in issue. The question is, was he negligently in the street? The fact that he may have been lawfully there does not necessarily relieve him of negligence. And then, too, what possible assistance or direction could the jury have received from the proposition that "a person lawfully in the highway is not bound as a matter of law to be continuously listening or looking to ascertain if automobiles or other vehicles are approaching, under penalty that (if) he fails to do so and is injured, his own negligence will defeat the recovery of damages sustained?" In our opinion, this instruction was more likely to have confused and misled the jury than to have

enlightened it. "An instruction embodying an abstract proposition of law, without in any way connecting it with the evidence or indicating what facts the jury must find from the evidence, in order to make it applicable to the case, ought not to be given; and, if the court can see that such an instruction has confused or misled the jury, the judgment resulting from the verdict will be reversed." *Parker* v. *Building & Loan Association*, 55 W. Va. 134. " * * *. the instructions to the jury should be accurate, and the law correctly laid down with reference to the facts which the evidence tends to prove, and not in the abstract, and if not, non-observance of this rule will constitute reversible error." *State* v. *Owens*, 96 W. Va. 308, 313. Many of our cases deal with these matters. Illustrative: *Easter* v. *Railway Co.*, 76 W. Va. 383, 395; *State* v. *Cantor*, 93 W. Va. 238, 250; *State* v. *Willey*, 97 W. Va. 253, 260. While the giving of abstract instructions is not always reversible error, the safer procedure is not to give them. Refusal to give them, even though they correctly state the law, is not error.

Plaintiff's instruction No. 5:

> "The court further instructs the jury that under the evidence adduced upon the trial of this case, in view of the circumstances as shown by the evidence, the maximum speed at which a car could be operated at the point of the accident, was 15 miles per hour, and that if you find in the evidence in this case that either one or both of the automobiles owned by the defendants were exceeding such speed limit at the time of the accident, negligence of the defendants or either of them so exceeding the speed limit, is established."

Suppose it is true, as stated in this instruction, that if either or both of the automobiles were exceeding the speed limit at the time of the accident, negligence of the defendants or either of them so exceeding the speed limit was established, what of it? If the jury so found as to the excessive speed, what was their further duty in the premises? The instruction did not say. It left the matter in the clouds. Clearly, a finding against the defendants could not be predicated

merely on the belief of the jury that they were exceeding the speed limit at the time of the accident. Before such excess of speed could be taken as the basis of liability on the part of the defendants, it must appear that the excessive speed was the proximate cause of plaintiff's injury. The instruction was incomplete and indefinite and should not have been given. One of the criticisms made of this instruction in argument was that it does not negative contributory negligence. The instruction not being binding that element does not properly arise.

Plaintiff's instruction No. 6 went to the quantum of damages if the jury found that he was entitled to a recovery. We find no error in this instruction. The criticism as to the "permanent injury" feature of the instruction is not well taken. That matter, by the phraseology of the instruction, was made contingent upon the jury's belief as to the nature of the injuries. The evidence warranted belief by the jury of permanency of Morrison's injuries.

As to the point of error that the verdict as to the Roushes is against the law and the evidence, we are of opinion that the record as made does not disclose what omission or act of commission on their part can legally subject them to liability for the unfortunate accident suffered by Frank L. Morrison. This point is well taken.

The remaining point of error pertains to the refusal of the trial court to set aside the verdict and grant a new trial because of information which was communicated to the judge of the court by one of the jurors who sat in the trial, that, in reaching their verdict, the jury had acted on the belief that plaintiff in error, Grant C. Roush, carried liability insurance on his truck. Nothing of this sort was made to appear from the evidence. It was a mere surmise, in so far as the belief may have been entertained by the jury or any of its members. Courts cannot set aside verdicts on such flimsy pretexts. Statements made by jurors after verdict, with a view of disturbing or impeaching their verdict, are properly viewed by the courts with great disfavor. Ordinarily, such matters should be given no consideration. *Graziani* v. *Fimple*, 110 W. Va. 383, 157 S. E. ........ While we are of opinion that

there is prejudicial error in this record, we do not find any error in the trial court's refusal to set aside the verdict and award a new trial because of the communication which was made to him by the juror.

Because of the errors, as indicated, in plaintiff's instructions Nos. 4 and 5, and because of the insufficiency of the evidence to establish negligence on the part of the plaintiffs in error, we reverse the judgment, set aside the verdict and award a new trial.

*Reversed and remanded.*