H. F. Bower, *Adm'r.*

*v.*

Arlen Ray Brannon

(No. 10707)

Submitted September 14, 1955.   Decided December 10, 1955.

*John A. Lile,* for plaintiff in error.

*Wm. Bruce Hoff, William S. Ryan,* for defendant in error.

BROWNING, JUDGE:

Harry F. Bower, the father of Charles D. Bower, deceased, and the administrator of his estate, instituted this action of trespass on the case for wrongful death against Arlen Ray Brannon, hereinafter called defendant. The jury returned a verdict for $10,000.00, and judgment was entered thereon, to which this Court granted a writ of error and supersedeas.

The defendant contends that the trial court erred: In failing to find, as a matter of law, that the decedent was guilty of negligence, contributing proximately to his death; in refusing four instructions offered by the defendant; and in overruling a motion for judgment *non obstante veredicto.*

The decedent sustained the injuries which resulted in his death when struck by an automobile driven by the defendant on November 29, 1952. The accident occurred about 1¼ miles from Spencer, West Virginia, on U. S. Route 119, at approximately 8:30 P. M. The highway at this point, in the direction of Spencer, comes over a small hill and extends straight for a distance of approximately one mile. The Rainbow Inn, in front of which the accident occurred, is located about 200 yards from the crest of the hill. The automobiles of the patrons of the Rainbow Inn are customarily parked at an angle, making it necessary to back upon the highway when leaving.

Two eye witnesses to the accident testified in behalf of the plaintiff. One witness, Griffith, was standing inside the Rainbow Inn looking through a window. He testified that he heard a car drive up, saw it stop opposite the Inn, then saw the decedent step out and start across the road. He stated that he saw the lights of defendant's automobile for approximately 400 feet; that defendant's speed was between 80 and 85 miles an hour; that the decedent was walking across the highway looking up the hill toward defendant's automobile when he was struck;

and that he assisted a State Trooper in measuring the skid marks which extended for 78 feet. Another witness, Nichols, was sitting in an automobile in front of the Rainbow Inn, and had turned his lights on preparatory to backing out upon the highway. He had not started his engine, but was waiting for the defendant's automobile to pass, when a cab drove up, stopped on the opposite side of the highway, decedent alighted, started to cross the road, and had passed the center line when he was hit. He also testified that defendant's speed was about 65 miles an hour, and that the skid marks measured 78 feet.

Sergeant Shields of the State Police, who investigated the accident, testified that the skid marks began 23 feet up the hill from a point directly opposite the front door of the Rainbow Inn, and extended 55 feet beyond, for a total distance of 78 feet; that the skid marks were in defendant's traffic lane; that, from his experience, 26 years, with the State Police, it was his opinion that defendant's speed, as shown by the skid marks, was between 40 and 50 miles an hour; and that the speed limit in that vicinity was 55 miles an hour, subject to statutory restrictions as to due care and consideration of special hazards. Medical evidence, showing the extent of decedent's injuries and the resultant death of decedent was also produced by the plaintiff. At the conclusion of plaintiff's case, defendant moved the court to strike the evidence of plaintiff, and direct a verdict for the defendant, which motion was overruled.

Defendant was the only witness in his behalf. He testified that he had just left his father's store, and was proceeding at a speed of 40 to 45 miles an hour; that as he came over the hill and started down, he noticed an automobile approaching; that he passed the cab in which decedent had been riding near the crest of the hill, and noticed another automobile approaching; that he saw the lights of the Rainbow Inn; that he was looking straight ahead, getting an overall view of the road be-

fore him; that he was 30 feet from the decedent when he first observed him; that decedent was wearing dark colored clothing; that he struck decedent with the right front of his automobile, between the hood ornament and the right fender; and that he did not swerve to avoid decedent, but applied his brakes. No other witness testified that another automobile was approaching the scene at the time of the accident.

When the jury returned a verdict for the plaintiff for the sum of $10,000.00, the defendant moved "to set the verdict aside on grounds contrary to law and evidence, judgment *non obstante veredicto,* assigning as further grounds the court's refusal to give instructions offered by the defendant, to-wit: Defendant's Instruction No. 1-A, Instruction No. 1 and Instruction No. 6, which embodies the only statement of last clear chance, and the giving of Plaintiff's Instruction No. 2, with regard to compensation for loss of society, etc., and the admission of certain evidence offered by the plaintiff over the objection of defendant", which motion was overruled, and judgment was entered on the verdict.

Defendant's Instruction No. 1-A was peremptory and Defendant's Instruction No. 1 would have told the jury that if the deceased was crossing a roadway at a point other than within a marked crosswalk, then it was the duty of the deceased "to yield the right of way to all vehicles upon the roadway."

Defendant's Instruction No. 6 would have informed the jury that even if they believed from a preponderance of the evidence that there was negligence on the part of the defendant, which would otherwise support a recovery, they should find a verdict for the defendant "if previous to the accident and after the discovery of his own peril, the decedent, by the exercise of ordinary care, could then have avoided his own injury, * * *."

In defendant's motion for judgment *non obstante veredicto,* no defect was cited in the pleadings, nor is any

called to the attention of this Court by brief or argument. An examination of the pleadings reveals no material defect. In the first syllabus point in the opinion of *Holt, Adm'r.* v. *Otis Elevator Co.,* 78 W. Va. 785, 90 S. E. 333, it stated that: "A judgment *non obstante veredicto* must be based upon the merits of the case as disclosed by the pleadings not in any sense upon the evidence adduced upon a material issue properly joined. It is not tantamount to a motion to set aside a verdict for lack of evidence to sustain it, nor can it be used for such purpose, or to obtain a judgment of dismissal for lack of evidence." There is no merit in this assignment of error, nor is there any merit in the assignment as to the refusal of Defendant's Instructions Nos. 1 and 6. Chapter 129, Acts of the Legislature, Regular Session, 1951, repealed certain parts of Chapter 17 of the Code, all relating to Motor Vehicles, and amended the Code by "adding thereto three new chapters to be designated chapters seventeen-a, seventeen-b and seventeen-c, * * *." It is true that Instruction No. 1 follows the provisions of 17C-10-3 (a) which provides that: "Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway. * * * ", but 17C-10-4 further provides that: "Notwithstanding the foregoing provisions of this article every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway. * * *" This instruction tended to mislead the jury, and was properly refused.

Defendant's Instruction No. 6 is a last clear chance instruction, and would apply that doctrine to the plaintiff's decedent. Heretofore, in this jurisdiction, the last clear chance doctrine has been applied only against defendants. However, we are not unmindful of the rule laid down in *Willard Stores, Inc.* v. *Cornnell,* 181 Va. 143, 23 S. E. 2d. 761, and the dissertations upon the subject in 49 W. Va. Law Quarterly 51, and 37 W. Va. Law Quarterly 362. Suffice to say that the evidence in this case

did not justify the giving of this instruction. The defense of contributory negligence was fully presented to the jury by the defendant's instructions which the trial court gave. The court properly gave Plaintiff's Instruction No. 2, and properly refused Defendant's Instruction No. 9 upon the question of damages.

The question of whether it was error to refuse the peremptory instruction will be considered in connection with the defendant's motion to set aside the verdict. It will be observed that in this motion, the defendant did not ask for a new trial. However, we conclude that the request for a new trial is implicit in the motion to set aside the verdict. Any other conclusion would result in the verdict being set aside had the motion been granted, and the plaintiff being deprived of an opportunity to again have his case presented to a jury.

We come then to a discussion of the principal assignment of error, and the one upon which a writ was granted to review this record, that being the question of whether the trial court erred in not holding, as a matter of law, that the deceased was guilty of negligence which contributed proximately to his death. The first syllabus point of *Butcher* v. *Stull, et al.*, 140 W. Va. 31, 82 S. E. 2d. 278, said: "In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, assumed as true." Also, it has been said that a person who comes to an appellate court with a verdict of a jury, approved by the trial court, is in the strongest position known to the law. However, a decision as to where the province of a jury ends, and that of a court begins, upon questions of fact, must be determined by the evidence in each case. Many well established principles are helpful. If there is no evidence to support the verdict of a jury, or if it is against the plain preponderance of conflicting evidence,

it must be set aside. If reasonable men cannot disagree upon the facts, a matter of law arises for the court, but learned judges sometimes do not agree as to whether the facts in a particular case are such that reasonable men could reach only one conclusion therefrom. There is no rule or principle of law that can serve as a definite guide post to point the way to a specific line of demarcation in this nebulous realm where the rights, duties and responsibilities of a court and jury meet. In this case, the jury was plainly justified in finding that the plaintiff was guilty of primary negligence. There was evidence upon which the jury could have found that he was driving at an excessive rate of speed at the place where the collision occurred, considering all the surrounding circumstances, and, also, that he was not keeping a proper lookout for pedestrians who might be upon the highway. Upon the question of speed, the applicable statutory provisions are: 17C-6-1: (a) "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards, then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highways in compliance with legal requirements and the duty of all persons to use due care."; (b) Where no special hazard exists that requires lower speed for compliance with paragraph (a) of this section the speed of any vehicle not in excess of the limits specified in this section or established as hereinafter authorized shall be lawful, * * * ."; (3) "Fifty-five miles per hour on open country highways, except as otherwise limited by this chapter." The evidence presented a much closer question as to the contributory negligence of the deceased.

This Court has determined from an examination of the applicable provisions of the Motor Vehicle Law, 17C-10-3(a) and 17C-10-4, heretofore quoted, that the rule heretofore established by the decisions of this Court as to "right of way", as applied to a motor driven vehicle and

a pedestrian upon a public street or highway, remains unchanged.

In *Meyn* v. *Auto Company*, 118 W. Va. 545, 191 S. E. 558, it was stated that: "The legislative intent underlying this ordinance was to place a higher degree of care on the pedestrian crossing streets at places other than crosswalks than at the regular crosswalk, without relieving the motorist of his duty to use due care. Such an ordinance should be construed reasonably, and should require pedestrians to yield their right to the street only when necessity requires it to prevent stopping a vehicle." Pertinent also is the 7th syllabus point of *Deputy* v. *Kimmel*, 73 W. Va. 595, 80 S. E. 919: "A person lawfully in a public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury. Failure to anticipate omission of such care does not render him negligent. A pedestrian is not bound, as a matter of law, to be continuously looking or listening to ascertain if automobiles or other vehicles are approaching, under penalty that if he fails to do so and is injured his own negligence will defeat recovery of damages sustained." To the same effect are *Skaff* v. *Dodd*, 130 W. Va. 540, 44 S. E. 2d. 621; *Bragg* v. *Transfer Co.*, 125 W. Va. 722, 26 S. E. 2d. 217; *Yuncke* v. *Welker*, 128 W. Va. 299, 36 S. E. 2d. 410; and *Davis* v. *Pugh*, 133 W. Va. 569, 57 S. E. 2d. 9.

An examination of the numerous cases decided by this Court, involving the striking of a pedestrian upon a public street or highway by a motor driven vehicle, shows the importance that has been attached to the position of the person struck upon the street or highway. Those in which it has been held that the evidence of contributory negligence, barring his recovery was a matter of law for the court, are almost uniformly cases in which the pedestrian was struck at or near the curb or edge of the street or highway from which he had started to cross to the other side. In that category of cases are: *Ray* v. *Clawson*, 123 W. Va. 99, 14 S. E. 2d.

259; *Lynch* v. *Alderton,* 124 W. Va. 446, 20 S. E. 2d. 657; *Slater* v. *Shirkey,* 122 W. Va. 271, 8 S. E. 2d. 897; *Milby* v. *Diggs,* 118 W. Va. 56, 189 S. E. 107; *Smith* v. *Gould,* 110 W. Va. 579, 159 S. E. 53; *Burgess* v. *Gilchrist,* 123 W. Va. 727, 17 S. E. 2d. 804; and *Morton* v. *Baber,* 118 W. Va. 457, 190 S. E. 767. In these cases, where the plaintiff was struck at or beyond the center of the street or highway, it was held that the determination of the question of contributory negligence was for the jury: *Chaney* v. *Moore,* 101 W. Va. 621, 134 S. E. 204; *Ritter* v. *Hicks,* 102 W. Va. 541, 135 S. E. 601; *Beane* v. *Keyser,* 103 W. Va. 248, 137 S. E. 898; *Attelli* v. *Laird,* 106 W. Va. 717, 146 S. E. 882; *Shumaker* v. *Thomas,* 108 W. Va. 204, 151 S. E. 178; *Liston* v. *Miller,* 113 W. Va. 730, 169 S. E. 398; *Walker* v. *Bedwinek,* 114 W. Va. 100, 170 S. E. 908; *Robertson* v. *Hobson,* 114 W. Va. 236, 171 S. E. 745; *Cline* v. *Christie,* 117 W. Va. 192, 184 S. E. 854; *Willhide* v. *Biggs,* 118 W. Va. 160, 188 S. E. 876; *Meyn* v. *Auto Company, supra; Jacobson* v. *Hamill,* 120 W. Va. 491, 199 S. E. 593; *Yuncke* v. *Welker, supra; Skaff* v. *Dodd, supra;* and the recent case of *Higgs* v. *Watkins,* 138 W. Va. 844, 78 S. E. 2d. 230.

Although the place of collision is not conclusive, it is important as evidenced by the decisions of this Court. From the evidence and reasonable inferences to be drawn therefrom, this jury could have properly found that the deceased was struck at a point near the edge of the highway, opposite to the side from which he began the crossing of it. The evidence of the defendant is to the effect that he struck the deceased at a point beyond the center of the highway, although his testimony would indicate that the deceased was nearer the center of the highway when struck than the testimony of the plaintiff's witnesses. The place where the deceased lay on the berm of the highway to the defendant's right, after being struck, tends to support the plaintiff's witnesses as to the point of collision. The defendant testified that as he approached the place where the deceased was struck, another motor vehicle was approaching from the opposite

direction, and that his vision was obscured by the lights of that automobile. However, in a statement made to a State Police officer, shortly after the collision, the defendant did not mention the approaching automobile, and the other witnesses who testified in the case stated that they did not see such vehicle. The jury had a right to conclude that no such vehicle was approaching. If not, then the uncontroverted evidence shows that the deceased could have seen the lights of the defendant's automobile approaching for a distance of several hundred feet, and that if the defendant had been keeping a proper lookout and had proper lights on his automobile, he likewise could have discovered the deceased upon the highway before he approached to within 30 feet of him. If defendant's vision was obscured by the lights of another automobile, he should have promptly reduced his speed. The evidence is also clear that the deceased had begun his journey across the highway at a time when the defendant's vehicle was a considerable distance away from him. Upon the evidence and reasonable inferences therefrom, the jury had a right to find that the deceased started across the highway at a time when it appeared safe to do so, but misjudging the distance and speed of the defendant's automobile, combined with the negligence of the defendant, the deceased was struck.

By adhering to the principles laid down in the several decisions of this Court, heretofore cited, we are constrained to hold that the question of whether the action of the deceased in attempting to cross the highway, in the situation which prevailed, was negligence on his part which contributed proximately to his death, and would prevent recovery by the plaintiff in this action, was for the jury to determine. We cannot say, as a matter of law, that he was contributorily negligent. Therefore, the judgment of the Circuit Court of Greenbrier County must be affirmed.

*Affirmed.*