ELMER RAY SYDENSTRICKER

*v.*

C. BOYD VANNOY

(No. 12551)

Submitted September 27, 1966. Decided November 15, 1966.

*McDougle, Davis, Stealey & Morris, R. E. Stealey, Fred L. Davis,* for appellant.

*Richard F. Pence, R. Bruce White,* for appellee.

HAYMOND, JUDGE:

This is a civil action instituted in the Circuit Court of Wood County, in which the plaintiff, Elmer Ray Sydenstricker, sixty eight years of age at the time of

the trial, seeks a recovery from the defendant, C. Boyd Vannoy, for personal injuries sustained by the plaintiff early in the morning of July 9, 1961, when he was struck by an automobile owned and operated by the defendant at or near the intersection of Fifth Street and Avery Street in Parkersburg, Wood County, West Virginia. Upon the trial of the case the jury returned a verdict in favor of the plaintiff for $15,000.00 on October 28, 1964, at which time the court rendered judgment for the amount of the verdict with interest and costs, and by judgment rendered June 9, 1965, the court overruled the motion of the defendant to set aside the verdict and grant a new trial. From that judgment this Court granted this appeal and supersedeas upon the application of the defendant.

The plaintiff was struck and injured by the automobile driven by the defendant when the plaintiff, a pedestrian proceeding in a southerly direction, was attempting to cross Fifth Street in the City of Parkersburg. He testified that a few minutes after midnight he arrived at the northern edge or curb of Fifth Street at its intersection with Avery Street with the intention of crossing from the north side to the south side of Fifth Street; that at the time the traffic light at the intersection controlling the traffic on Fifth Street showed green; that he waited at the northern edge of Fifth Street for a period of two or three seconds and when the traffic light changed to red he looked east on Fifth Street, south on Avery Street and west on Fifth Street and did not see any automobile or any people; that while the traffic light showed red he proceeded for a distance of eleven or twelve feet south into Fifth Street on the cross-walk at the intersection and at that location in the street the automobile struck him; that he did not see the automobile; that Fifth Street at the point of impact was thirty feet in width; that there were two west traffic lanes indicated by white lines in the northern half of Fifth Street; that when the plaintiff was struck he was in

the inside traffic lane and about two feet south of the first white traffic line and the left wheels of the automobile of the defendant were south of that line; that the plaintiff when struck saw the hood of the automobile and then "blacked out"; that when he "came to", he saw a policeman or other officer holding his arm to put him on a stretcher and place him in an ambulance; that he felt pain in his right leg and that he again "blacked out" and was taken to a hospital. The plaintiff also testified that after he was struck the automobile proceeded west on Fifth Street partly in the first and partly in the second of the two west traffic lanes until it was stopped approximately forty feet west of the intersection with Avery Street. On cross-examination the plaintiff testified that between 8:40 o'clock that evening and the time he arrived at the intersection he had drunk five or six bottles of beer but that he had not been affected by what he had drunk and that he was wearing glasses at the time he was struck. The plaintiff had previously stated in a deposition which he gave on August 7, 1963 that he was at a point six to eight feet south of the north curb on Fifth Street when he was struck but testified that the correct distance as ascertained by a measurement which he had made by stepping the distance the night before he testified was eleven or twelve feet instead of six or eight feet.

The city policeman who assisted the plaintiff in placing him in the ambulance, produced as a witness by the plaintiff, testified that shortly before the plaintiff was injured the witness, operating his automobile west on Fifth Street, came to the intersection and stopped to await the change of the traffic light from red to green; that his automobile was directly in front of the traffic light and there were other automobiles in the rear of his automobile; that while waiting for the traffic light to change he saw the plaintiff in the act of crossing Fifth Street from the northern edge of the street; that the plaintiff had reached a point

about twelve feet from the northern edge of Fifth Street on the cross-walk when he was struck by the automobile of the defendant; that he saw the automobile of the defendant on Fifth Street when he first saw the plaintiff but he did not see where the automobile that struck the plaintiff "came from". He stated that there were two traffic lanes on Fifth Street for westbound traffic and that the plaintiff, when he was struck, was in the cross-walk south of the traffic lane near the north curb of the street; that when the automobile of the defendant came to a stop it was on an angle and pointed in a southwesterly direction partly in each of the two west traffic lanes at a distance of approximately seventy five feet west of the place where the plaintiff was struck; that the witness did not observe any lights on the automobile; that after the plaintiff was struck he was lying with his face down on the hood of the automobile; that his belt "was wedged" around an ornament on the front of the automobile; and that the witness assisted in placing the plaintiff in an ambulance which took him to the hospital.

The defendant, seventy three years old at the time of the trial, testified that he and his wife and another married couple attended a dance at the Eagles Club from shortly before 8:00 o'clock that evening until about midnight and while at the club he had drunk one bottle of beer about 8:00 o'clock; that after leaving the club he and his wife and their guests entered the automobile of the defendant, which was parked a short distance from the club, and with the defendant driving, proceeded north on Avery Street to its intersection with Fifth Street; that his automobile was traveling in the inside traffic lane on Avery Street; that as he approached the intersection of Avery Street with Fifth Street the traffic light turned red and the defendant stopped his automobile to await the change in the traffic light; that at that time the defendant saw another automobile some distance north of the intersection

approaching the intersection and traveling south on Avery Street; that the defendant continued to observe that automobile until the traffic light changed from red to green; that the defendant noticed no other automobile at or near the intersection at that time; that after waiting four or five seconds until the traffic light changed, the defendant turned left at the intersection and observed a pedestrian on the sidewalk at a place called the Tile Mart, located on Fifth Street west of the intersection; that he watched this pedestrian and the oncoming car until he made the left turn; that in making the turn he did not sound a horn or give any signal but the headlights on his automobile were burning; that the pedestrian he saw was not the plaintiff; that he watched the pedestrian who was near the Tile Mart until the plaintiff stepped out in front of the automobile; that he stopped his automobile immediately and within about eight feet after striking the plaintiff, whose body was on the hood in front of the left fender of the automobile; and that when the automobile came to a stop it was headed west on Fifth Street in the north traffic lane directly in front of the Pure Oil Station which appears to have been located at or near the northwest corner of Fifth Street and Avery Street. The place in front of the Pure Oil Station where the automobile of the defendant came to a stop after striking the plaintiff appears from other testimony to have been approximately thirty five or forty feet west of the intersection.

The defendant also testified that when making the left turn he looked to see whether there was anybody crossing the street on or at the cross-walk at Fifth Street and Avery Street just before he struck the plaintiff and that there was no one there; that he did not strike the plaintiff at the cross-walk at Fifth Street and Avery Street; that the place where the defendant struck the plaintiff was after the defendant "got down a ways" on Fifth Street; that the defendant did not see the plaintiff before the automobile hit him and that

the first time the defendant saw the plaintiff was when the plaintiff was on the hood of the automobile.

At the time the plaintiff was struck the defendant and his wife were in the front seat and their guests Mr. and Mrs. Hupp were in the rear seat of the automobile. Gladys Hupp, the wife, a witness in behalf of the defendant, testified that when the automobile of the defendant turned left on Fifth Street it hit a man; that she did not see the man before the accident and the first she knew of the happening of the accident was when she heard the impact of the automobile when it struck the man; that she first saw the plaintiff when he was slumped over the hood of the automobile; that the defendant stopped his automobile immediately after the impact which occurred on Fifth Street west of the corner and in front of the pumps at the Pure Oil Station; that when the accident occurred the automobile was in the north traffic lane on Fifth Street; that the speed of the automobile at and just before the accident was not over fifteen miles per hour; and that the headlights on the automobile were burning. The husband, Wilbur Hupp, also a witness in behalf of the defendant, testified that the defendant stopped his automobile at the red light at the intersection of Fifth Street and Avery Street; that when the light turned green the automobile turned on Fifth Street and as it was traveling west on Fifth Street in the right traffic lane the plaintiff "came out" and the automobile struck him; that the witness did not see the plaintiff until the automobile struck the plaintiff and he was lying on the hood of the automobile; that the defendant stopped his automobile immediately after the impact which occurred about thirty five to forty feet west of the intersection on Fifth Street; and that the automobile immediately before the impact was traveling in the curb or north lane at a speed of ten to fifteen miles per hour.

Roger Kent, also a witness in behalf of the defendant, testified that at the time the plaintiff was injured the witness was walking east of the intersection on the

south side of Fifth Street; that he saw the automobile of the defendant traveling west on Fifth Street at a speed of ten to eleven miles per hour; that he saw the plaintiff thirty five or forty feet west of the place where the defendant made the turn at Fifth Street and Avery Street; that the plaintiff came across and "cut out" in front of the automobile of the defendant which was a few steps from the plaintiff when he walked in front of the automobile which was traveling in the right or north lane of Fifth Street; that the headlights and the back lights on the automobile of the defendant were burning; that the defendant stopped his automobile at a distance of eight feet after it struck the plaintiff; that the witness watched the automobile of the defendant as it made the turn at the intersection and as it went down Fifth Street; and that he saw no other traffic except an automobile that was traveling behind the automobile of the defendant on Avery Street.

The defendant assigns as error the action of the circuit court (1) in refusing to give Defendant's Instruction No. 1, which would have directed the jury to return a verdict for the defendant on the grounds that the plaintiff was guilty of contributory negligence as a matter of law and that there was not sufficient evidence to warrant the submission to the jury of the question of the negligence of the defendant; (2) in giving Plaintiff's Instruction No. 10; and (3) in refusing to give Defendant's Instructions Nos. 9 and 11.

The defendant insists that if the defendant was guilty of negligence, which the defendant does not admit, the plaintiff was guilty of contributory negligence as a matter of law in that when he entered Fifth Street he failed to see, by looking effectively, the automobile of the defendant, and that the failure of the plaintiff to see the automobile of the defendant, which the plaintiff should have seen, caused and contributed to the injury sustained by the plaintiff. As indicated by the foregoing recital of the facts disclosed by the evidence, the evidence is conflicting as to the particu-

lar place on Fifth Street at which the plaintiff was injured. The evidence in behalf of the plaintiff is that he was injured when he was on the cross-walk at the intersection at a distance of eleven or twelve feet south of the northern edge or curb of Fifth Street. The plaintiff so testified and the policeman who saw the automobile of the defendant just before it struck the plaintiff stated that the plaintiff at the time was on the cross-walk at a point about twelve feet south of the north edge of the street. The evidence in behalf of the defendant is that the plaintiff was struck by the automobile at a point approximately thirty five or forty feet west of the intersection when the plaintiff walked in front of the automobile. The evidence does not definitely establish the location of the automobile of the defendant when the plaintiff looked before he started to cross Fifth Street and did not at that time see the automobile. It may or may not have been in his plain view. Though the policeman sitting in his automobile east of the stop light saw the automobile of the defendant when the plaintiff was on the cross-walk about twelve feet south of the northern edge of the street, the policeman did not see where the automobile "came from." From the evidence it can not be said with certainty that the automobile was within the view of the plaintiff at the time he looked and failed to see it. He may or he may not have looked effectively. Whether he did or did not look, and was or was not guilty of contributory negligence, and whether the defendant should or should not have seen the plaintiff, and was or was not guilty of negligence, are questions for determination by the jury.

This Court has consistently held that when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for jury determination. *Pygman v. Helton,* 148 W. Va. 281, 134 S. E. 2d 717; *Evans v. Farmer,* 148 W. Va. 142, 133 S. E. 2d 710; *Dunning v. Barlow-Wisler, Inc.,* 148 W. Va. 206,

133 S. E. 2d 784; *Spaur v. Hayes,* 147 W. Va. 168, 126 S. E. 2d 187; *Metro v. Smith,* 146 W. Va. 983, 124 S. E. 2d 460; *Leftwich v. Wesco Corporation,* 146 W. Va. 196, 119 S. E. 2d 401; *Graham v. Crist,* 146 W. Va. 156, 118 S. E. 2d 640; *Overton v. Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Spurlin v. Nardo,* 145 W. Va. 408, 114 S. E. 2d 913; *Lawrence v. Nelson,* 145 W. Va. 134, 113 S. E. 2d 241; *Shreve v. Faris,* 144 W. Va. 819, 111 S. E. 2d 169; *Clay v. Walkup,* 144 W. Va. 249, 107 S. E. 2d 498; *Lewis v. Mosorjak,* 143 W. Va. 648, 104 S. E. 2d 294; *Workman v. Wynne,* 142 W. Va. 135, 94 S. E. 2d 665; *Prettyman v. Hopkins Motor Company,* 139 W. Va. 711, 81 S. E. 2d 78; *Davis v. Sargent,* 138 W. Va. 861, 78 S. E. 2d 217; *Barr v. Curry,* 137 W. Va. 364, 71 S. E. 2d 313; *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410.

Many decisions of this Court also hold that it is the peculiar and exclusive province of the jury to weigh the evidence and resolve questions of fact when the testimony of witnesses regarding them is conflicting and that the finding of the jury upon such facts will not ordinarily be disturbed by this Court. *Graham v. Crist,* 146 W. Va. 156, 118 S. E. 2d 640; *Overton v. Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Lewis v. Mosorjak,* 143 W. Va. 648, 104 S. E. 2d 294; *Workman v. Wynne,* 142 W. Va. 135, 94 S. E. 2d 665; *Davis v. Sargent,* 138 W. Va. 861, 78 S. E. 2d 217; *Gilkerson v. Baltimore and Ohio Railroad Company,* 129 W. Va. 649, 41 S. E. 2d 188; *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410; *Thorn v. Addison Brothers and Smith,* 119 W. Va. 479, 194 S. E. 771.

This Court has also held in numerous cases that when an action for the recovery of damages for personal injuries involving conflicting testimony and circumstances upon the questions of negligence and contributory negligence has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless it is plainly contrary to the weight of the evidence, or is without any evidence to support it.

*Payne v. Kinder,* 147 W. Va. 352, 127 S. E. 2d 726; *Overton v. Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Lewis v. Mosorjak,* 143 W. Va. 648, 104 S. E. 2d 294; *Laslo v. Griffith,* 143 W. Va. 469, 102 S. E. 2d 894; *Davis v. Sargent,* 138 W. Va. 861, 78 S. E. 2d 217; *Wilson v. Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Thrasher v. Amere Gas Utilities Company,* 138 W. Va. 166, 75 S. E. 2d 376; *Davis v. Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410; *Dangerfield v. Akers,* 127 W. Va. 409, 33 S. E. 2d 140; *Webb v. Brown and Williamson Tobacco Company,* 121 W. Va. 115, 2 S. E. 2d 898; *Ware v. Hays,* 119 W. Va. 585, 195 S. E. 265.

In the leading case of *Deputy v. Kimmell,* 73 W. Va. 595, 80 S. E. 919, 51 L.R.A., N.S. 989, Ann. Cas. 1916E 656, point 7 of the syllabus is in these words: "A person lawfully in a public highway may rely upon the exercise of reasonable care by drivers of vehicles to avoid injury. Failure to anticipate omission of such care does not render him negligent. A pedestrian is not bound, as a matter of law, to be continuously looking or listening to ascertain if automobiles or other vehicles are approaching, under penalty that if he fails to do so and is injured his own negligence will defeat recovery of damages sustained." See also *Bower v. Brannon,* 141 W. Va. 435, 90 S. E. 2d 342; *Davis v. Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *Skaff v. Dodd,* 130 W. Va. 540, 44 S. E. 2d 621; *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410; *Walker v. Bedwinek,* 114 W. Va. 100, 170 S. E. 908; *Ritter v. Hicks,* 102 W. Va. 541, 135 S. E. 601, 50 A.L.R. 1505. The plaintiff testified that he looked before he started to cross Fifth Street and did not see the automobile of the defendant. If he looked effectively and did not see the automobile, he was not required to continue to look while crossing Fifth Street when the light controlling traffic across that street showed green. See *Walker v. Robertson,* 141 W. Va. 563, 91 S. E. 2d 468; *Davis v. Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *Yuncke v. Welker,*

128 W. Va. 299, 36 S. E. 2d 410; *Walker v. Bedwinek,* 114 W. Va. 100, 170 S. E. 908; *Ritter v. Hicks,* 102 W. Va. 541, 135 S. E. 501, 50 A.L.R. 1505. Whether the plaintiff did or did not look effectively, in the circumstances disclosed by the evidence, was a question to be determined by the jury. *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410.

Under the principles enunciated in the above cited cases, the circuit court, upon the facts disclosed by the evidence did not err in submitting the question of negligence and contributory negligence to the jury, and the finding of the jury, upon such facts which, by its verdict, necessarily found that the defendant was guilty of negligence, will not be disturbed by this Court upon this appeal.

In *Bower v. Brannon,* 141 W. Va. 435, 90 S. E. 2d 342, the opinion contains these statements concerning the position of certain pedestrians who were struck and injured by automobiles upon the public streets and highways:

"An examination of the numerous cases decided by this Court, involving the striking of pedestrians upon a public street or highway by a motor driven vehicle, shows the importance that has been attached to the position of the person struck upon the street or highway. Those in which it has been held that the evidence of contributory negligence, barring his recovery was a matter of law for the court, are almost uniformly cases in which the pedestrian was struck at or near the curb or edge of the street or highway from which he had started to cross to the other side. * * *. In these cases, where the plaintiff was struck at or beyond the center of the street or highway, it was held that the determination of the question of contributory negligence was for the jury: * * *."

This language appears to have created the somewhat widespread impression among members of the bar that as a matter of principle the position in the street or highway of the injured person is controlling and that a person struck while in the street at or near the curb is for that reason guilty of contributory negligence as a matter of law and that, on the contrary, the question of contributory negligence of a person who is struck while at or beyond the center of the street or highway is necessarily a question to be determined by the jury. There is no justification for any such impression and this Court wishes to emphasize that whether a person who is struck and injured is or is not guilty of contributory negligence as a matter of law or whether the question of contributory negligence is for the jury depends upon the facts of each particular case regardless of the position of such person in such street or highway and that the determination of such questions is not controlled by his position at or near the curb or at or over the center or at any other place in such street or highway when he is struck and injured.

Regardless of any professional view or assumption to the contrary, there is no conflict or inconsistency in the decisions of this Court which hold, upon the particular facts, as in *Brake v. Cerra,* 145 W. Va. 76, 112 S. E. 2d 466, that a pedestrian who looks but fails to see a vehicle in plain view which strikes and injures him and which he should and could have seen if he had looked effectively is guilty of contributory negligence as a matter of law, and the decisions which, following the holding in *Deputy v. Kimmell,* 73 W. Va. 595, 80 S. E. 919, 51 L.R.A., N.S., 989, Ann. Cas. 1916E 655, hold, also upon the particular facts, as in *Ritter v. Hicks,* 102 W. Va. 541, 135 S. E. 501, 50 A.L.R. 1505, that a pedestrian, who looks and sees a vehicle which strikes and injures such pedestrian or, as in *Walker v. Robertson,* 141 W. Va. 563, 91 S. E. 2d 468, that a pedestrian, who looks but fails to see a vehicle which strikes and injures such pedestrian, is not required,

as a matter of law, to continue to look to ascertain if such vehicle is approaching and that, in such circumstances, the question whether such pedestrian is guilty of contributory negligence is to be determined by the jury.

In support of his contention that the plaintiff was guilty of contributory negligence the defendant cites and relies upon the decisions of this Court in *Jackson v. Cockill,* 149 W. Va. 78, 138 S. E. 2d 710; *Brake v. Cerra,* 145 W. Va. 76, 112 S. E. 2d 466; *Pritchard v. City Lines of West ·Virginia, Inc.,* 136 W. Va. 278, 66 S. E. 2d 276; *Ray v. Clawson,* 123 W. Va. 99, 14 S. E. 2d 259; *Slater v. Shirkey,* 122 W. Va. 271, 8 S. E. 2d 897; *Yoder v. Charleston Transit Company,* 119 W. Va. 61, 192 S. E. 349; and *Milby v. Diggs,* 118 W. Va. 56, 189 S. E. 107. The facts in each of those cases in which the plaintiff was held to be guilty of contributory negligence as a matter of law are clearly distinguishable from the facts in the case at bar. None of them dealt with the action of a plaintiff in crossing an intersection of a city street where traffic was regulated by traffic light signals. In the *Jackson* case plaintiff's decedent at a point where the street or highway was straight for more than 1000 feet, while crossing the street and when in the third traffic lane was walking with his head down and apparently without looking in either direction, was struck by an automobile driven by the defendant at a speed of approximately twenty five miles per hour. In the *Brake* case the plaintiff, after alighting from an automobile stopped in a public street about midway in a city block, walked from behind the automobile from which he had alighted into the path of an oncoming automobile, the headlights of which were burning and which was within the plain view of the plaintiff and should have been seen by him if he had looked effectively. In the *Pritchard* case the plaintiff, after having alighted from a bus, stepped on a public street; attempted to cross the street in front of an oncoming automobile in plain view and which he

should and would have seen if he had looked effectively. In the *Ray* case the plaintiff, standing on the berm of an open country highway, was struck by the projecting corner of the body of a passing truck after he had seen the truck approaching rapidly at a distance from him of approximately sixty feet, turned his eyes away from the truck and took no precaution for his own safety. In the *Slater* case the plaintiff's decedent walked from behind a parked truck into a highway and after reaching a point about the middle of the highway looked in the direction of an approaching automobile driven by the defendant, leaped in its path, and was struck. In that case this Court said that the decedent came from behind the truck into the path of a moving automobile without taking the precaution to look for approaching cars, and thereby lost his life. In the *Yoder* case the plaintiff was injured while crossing a public street and after watching a dimly lighted bus was struck by an automobile following the bus which the plaintiff should and could have seen if she had looked effectively. In the *Milby* case the plaintiff, while on a well lighted narrow city street, was struck by an automobile driven by the defendant. When the plaintiff was within a step of the street he observed the automobile of the defendant at a distance of fifty or seventy five feet and without pausing proceeded two or three feet into the street where, on turning to step back to the curb, he was struck by the automobile and seriously injured.

The defendant complains of the action of the circuit court in giving Plaintfiff's Instruction No. 10 which, after stating the duty of an operator of a motor vehicle upon a public highway to keep and maintain a proper lookout, told the jury that if they believed certain stated facts by a preponderance of the evidence the jury could find the defendant guilty of negligence and which, in stating the duty of the defendant to keep and maintain a proper lookout, referred to other persons lawfully upon and using such public highway.

The defendant challenges the instruction on the ground that it is abstract in form, tends to mislead the jury, and is incomplete. It is true that the instruction is abstract in form but this Court has held that though it is not reversible error to refuse to give an abstract instruction, *Payne v. Kinder*, 147 W. Va. 352, 127 S. E. 2d 726; *Mulroy v. Co-Operative Transit Company*, 142 W. Va. 165, 95 S. E. 2d 63, and the numerous cases cited in the opinion in the *Mulroy* case, and that though an abstract instruction ordinarily should be refused, it is not necessarily reversible error to give an abstract instruction. *Wilson v. Edwards*, 138 W. Va. 613, 77 S. E. 2d 164; *Underwood v. Goff*, 131 W. Va. 662, 48 S. E. 2d 860. It is, of course, reversible error to give an instruction which tends to mislead and confuse the jury. *Preston County Coke Company v. Preston County Light and Power Company*, 146 W. Va. 231, 119 S. E. 2d 420; *Overton v. Fields*, 145 W. Va. 797, 117 S. E. 2d 598; *Hartley v. Crede*, 140 W. Va. 133, 82 S. E. 2d 672; *Matthews v. Cumberland and Allegheny Gas Company*, 138 W. Va. 639, 77 S. E. 2d 180; *Morrison v. Roush*, 110 W. Va. 398, 158 S. E. 514; *Chaney v. Moore*, 101 W. Va. 621, 134 S. E. 204, 47 A.L.R. 800; *Frank v. Monongahela Valley Traction Company*, 75 W. Va. 364, 83 S. E. 1009. Though the instruction is inept in form it is not misleading or incomplete. The statement in the instruction, which the defendant contends constitutes reversible error, is the statement which refers to "other persons lawfully upon and using" the highway and in support of such contention cites and relies upon *Morrison v. Roush*, 110 W. Va. 398, 158 S. E. 514, in which an abstract and misleading instruction was held to constitute reversible error. The statement in the instruction in the *Morrison* case differs materially from the statement in Plaintiff's Instruction No. 10 with respect to the use of the word "lawfully." In the *Morrison* case the instruction referred to a person lawfully in a public highway and stated that such person may rely upon the exercise of reasonable care by drivers of automobiles to avoid injury and that failure to

anticipate omission of such care does not constitute contributory negligence and that such person lawfully in the highway is not bound as a matter of law to be continuously listening or looking to ascertain if automobiles or other vehicles are approaching, under penalty that if he fails to do so and is injured his own negligence will defeat recovery of damages. This Court, in considering that instruction, said that it assumed that the plaintiff in that case was lawfully in the street when he was injured. The reference to the words "other persons lawfully upon and using" a public highway clearly does not cover or include the plaintiff in this case, but expressly excludes him from such "other persons" and unlike the instruction in the *Morrison* case does not justify the misleading assumption that the plaintiff in the case at bar was lawfully upon the highway and therefore not guilty of contributory negligence. The statement concerning such other persons is merely a general statement which does not apply, expressly or by implication, to the plaintiff or absolve him from negligence. In consequence the holding in the *Morrison* case does not apply to Plaintiff's Instruction No. 10 and does not render it prejudicially erroneous.

The action of the circuit court in refusing to give Defendant's Instruction No. 9 and Defendant's Instruction No. 11, also complained of by the defendant, did not constitute prejudicial error. Defendant's Instruction No. 9 was substantially covered by Defendant's Instruction No. 4 which, without objection, was given by the circuit court. Duplication of instructions is unnecessary and undesirable. *Morgan v. Price,* 151 W. Va. 158, 150 S. E. 2d 897; *Walker v. Monongahela Power Company,* 147 W. Va. 825, 131 S. E. 2d 736; *Butler v. Smith's Transfer Corporation,* 147 W. Va. 402, 128 S. E. 2d 32; *Graham v. Wriston,* 146 W. Va. 484, 120 S. E. 2d 713; *State v. Cirullo,* 142 W. Va. 56, 93 S. E. 2d 526, and the numerous cases cited in the opinion in that case. Defendant's Instruction No. 11

was properly refused. It would have told the jury that in deciding the case the jury could take into consideration "not only the evidence that has been offered before you but you may also take into consideration the circumstances surrounding the accident and any reasonable and legitimate inferences that you may draw from the evidence." The jury could have interpreted the instruction to mean that, outside of and in addition to the evidence, it could take into consideration circumstances surrounding the accident which were not shown by the evidence, and if so interpreted, the instruction misstates the law. An instruction which does not correctly state the law is erroneous and is properly refused. *Preston County Coke Company v. Preston County Light and Power Company,* 146 W. Va. 231, 119 S. E. 2d 420; *Overton v. Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Wilson v. Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Moore v. Turner,* 137 W. Va. 299, 71 S. E. 2d 342, 32 A.L.R. 2d 713; *Gilkerson v. Baltimore and Ohio Railroad Company,* 129 W. Va. 649, 41 S. E. 2d 188; *Parrish v. City of Huntington,* 57 W. Va. 286, 50 S. E. 416.

The judgment of the Circuit Court of Wood County is affirmed.

*Affirmed.*